IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| MELISSA BOSCH | PLAINTIFF |
| vs. | |
| CABOT PUBLIC SCHOOL SUPERINTENDENT TONY THURMAN, CABOT PUBLIC SCHOOL DISTRICT, CITY OF CABOT, ARKANSAS | DEFENDANTS |
| | No.: 4:22-CV-00677-LPR |

# AMENDED COMPLAINT

COMES NOW Melissa Bosch, by and through her attorneys, and for her complaint states:

1. That the plaintiff obtained the consent of the school defendants to amend this complaint. Their amendment as to the city defendant is as a matter of course.

## JURISDICTION AND VENUE

2. That this Court has jurisdiction of this matter as it is an action for a violation of 42 U.S.C. §§ 1983 and 1985. All state law claims are brought pursuant to this Court's pendent jurisdiction. *See* 28 U.S.C. § 1367.

3. That the events giving rise to this action occurred from June 2022 forward and are well within any statute of limitations.

4. That the parties are residents of Lonoke County, Arkansas.

5. That venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

6. That Melissa Bosch is a resident of Lonoke County, Arkansas.

1

7. That Cabot Public School Superintendent Tony Thurman, Cabot Public School District, and the City of Cabot are residents of Lonoke County, Arkansas.

8. The Cabot Public School District (CPS) and the City of Cabot are local government entities.

9. That Cabot Public School Superintendent Tony Thurman is a local government employee.

SUMMATION OF CAUSES OF ACTION

10. This lawsuit seeks a preliminary injunction and permanent injunction.

11. This lawsuit seeks mandamus relief.

12. This is a lawsuit pursuant to 42 U.S.C. § 1983. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983. The defendants may not use their government authority or position to unilaterally deprive any citizen or other person within the jurisdiction of his or her right to attend public meetings and otherwise interact with a public school without offending the following constitutional rights, which are further specified, *infra*.

    A. Right to free speech.

    B. Right to due process of law.

      **C.**    Right to associate and assemble.

      **D.**    Right to equal protection.

      **E.**    Right to privileges and immunities.

13.    This is a lawsuit pursuant to 42 U.S.C. § 1985. The plaintiff basis her § 1985 claim on a conspiracy of the defendants (the school and law enforcement) to deprive the plaintiff of her constitutional rights listed in this complaint, including, but not limited to, the following:

      **A.**    Denial of equal protection of the laws; and

      **B.**    Denial of equal privileges and immunities under the laws;

14.    This lawsuit seeks relief pursuant to a declaratory judgment.

## FACTS

15.    On June 9, 2022, Melissa Bosch attended the Moms for Liberty meeting at Crossroads Café in central Arkansas. This was the first "working meeting" in months to discuss people running for school board, the status of the Open-Enrollment Charter school, and updates for those that are part of the Lonoke County Republican Committee.

16.    On June 13, 2022, someone anonymously posted a 30 second audio clip from the Moms for Liberty meeting to Facebook, taken out of context, to falsely make it sound like Melissa Bosch wanted to shoot up a school. Melissa Bosch was notified by a friend of the post. She called the police herself and filed a police report, knowing she never threatened anyone and the clip sounded altered.

17. On June 14, 2022, Cabot Public School (CPS) Superintendent Tony Thurman filed a police report against Melissa Bosch and called the FBI, falsely stating that Bosch threated to shoot employees at the school.

18. Thurman never contacted Bosch to find out the facts.

19. Without any proper investigation, Thurman had a Cabot police officer and a school resource officer hand deliver a letter to Melissa Bosch stating that she is barred from all CPS property unless she calls 24 hours in advance (letter attached).

20. On June 20, 2022, Kevin Tipton, an elected school board member and also the Treasurer for the Lonoke County Republican committee sent Melissa Bosch an email, furthering the lie that she was going to harm people and if he should be worried for himself and others at the next Republican Committee meeting.

21. On June 22, 2022, an agent from the Cabot Police Department (CPD), Sergeant Baugh, called Melissa Bosch to come to the police department to talk about the findings of the investigations. Sergeant Baugh told Melissa Bosch that the investigation concluded that she was not threatening in any way and that no charges would be filed against her or anyone at the meeting.

22. Sergeant Baugh also told Superintendent Thurman that the audio was not threatening in anyway and no charges would be filed against Melissa Bosch. In other words, the statements at issue were determined not to be a true threat.

23. Sergeant Baugh told Melissa Bosch that even though she didn't threaten or do anything wrong, Tony Thurman doubled down on his improper activity and reckless behavior: Thurman instructed Sergeant Baugh to inform Melissa Bosch that

4

Thurman would not rescind the letter and she was still prohibited from school property.

## COUNT I:  42 U.S.C. §§ 1983 and 1985

24. Plaintiff re-alleges and incorporates all previous allegations into this case of action.

25. That these defendants are government entities and administrators.

26. That these defendants had the power of a policy maker clothed with authority of state and government law.

27. That the defendants implemented government policy under the authority of state law.

28. That the defendants' actions are attributable to the government and/or government entities, as defendants used their authority, title, and enablement to violate the rights of the plaintiff.

29. That at all times, defendants acted as government actors exercising their authority and responsibilities pursuant to state laws.

30. That using their authority and responsibility under color of state law, defendants ordered, directed, and/or committed violations of plaintiff's rights.

31. The actions of the defendants are an attempt to deprive the plaintiff of her right to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege, as guaranteed by Ark. Const. Art. 2, §§ 2 and 6 as well as the First Amendment to the United States Constitution.

32. The criminal trespass warning is the functional equivalent of a law,

regulation, or government order that curtails plaintiff's freedom of speech and right to associate and assemble in violation of Arkansas and federal constitution. These violations include, but are not limited to:

    A.    The ability of the plaintiff to speak, gather, assemble, and/or associate with other parents, educators, or at events held at the school freely and unrestricted;

    B.    The ability of the plaintiff to freely move across the lands of the United States, including CPS property;

    C.    The ability of the plaintiff to spontaneously attend functions at the school. The plaintiff cannot decide to have lunch with her child. She cannot arrive at the school to speak to school officials about a developing or pressing matter. If the weather is bad, she cannot wake up in the morning and decide to drive her child to school. If the school is closed early because of snow or ice, the plaintiff cannot retrieve her child from the school. Worse, if there is a school shooting or her child is injured, she cannot come to the school to retrieve or protect her child;

    D.    The government's actions are directly designed to impact the plaintiff's liberty because she attended a meeting of conservative mothers concerned about their children's education and considering a run of school board. This is an action designed to chill the plaintiff's and others constitutional rights to assemble, associate, and speak as well as attend and observe the government function of the CPS;

    E.    The government's actions are a punishment and a deterrent for others for openly discussing running for school board to make changes to the CPS administration and having oversight of Thurman's actions. This is an action designed to chill the plaintiff's and others constitutional rights to run for office, campaign for school or education related causes, and/or vote for candidates or issues of their choosing related CPS's government function; and

    F.    The government's actions are an attempt to control the topics, subject matter, and/or nature of the plaintiff's speech.

33.    The plaintiff's speech is a fundamental right on matters of public

concern—the education of her child and her ability to fully participate in that matter.

34. The plaintiff is not an employee of school district, she is not a student, her statements were not delivered on or at any school property, her speech was not directed at the CPS, was not a threat, did not create any disruption of a school activities. The defendants had no legal authority to restrict, limit, or punish the plaintiff or retaliate against the plaintiff for her speech.

35. The plaintiff seeks injunctive, declaratory, and/or mandamus relief. This includes but is not limited to rescission of the criminal trespass warning issued in retaliation for plaintiff's exercise of her fundamental right to free speech and/or which trespass warning has the effect of limiting and/or restricting the plaintiff's free speech rights.

36. The plaintiff seeks damages because the actions of the defendants as set forth in this complaint violate the plaintiff's State and Federal Constitutional rights to due process of law. This claim is based on the following premises:

    A. The defendants gave the plaintiff no meaningful opportunity to be heard before depriving her of her constitutional rights from which no appeal of the loss of her rights can be made or had;

    B. The plaintiff has a property right and constitutionally protected liberty interests that permit her to go to or remain in public places, for lawful purposes, including the public areas of CSP property for the lawful purpose of participating in her child's educational activities, for observing or participating in her child's extra-curricular activities, and for other legal activities, of which property rights and/or liberty interests the Defendants have denied or deprived her; and

    C. Defendants' exercise of police power fails to comply with substantive

due process principles, as it is and has been arbitrary and unreasonable. The Defendants' actions and omissions violate substantive due process because they have been arbitrary and unreasonable.

37. The plaintiff seeks damages because the actions of the defendants as set forth in this complaint violate the plaintiff's State and Federal Constitutional rights to equal protection under the law. The defendants treat the plaintiff differently than other similarly situated persons without a justification or basis.

38. The plaintiff seeks damages because the actions of the defendants as set forth in this complaint violate the plaintiff's State and Federal Constitutional rights to the right to freely associate and assemble on matters that are not criminal or prohibited by our laws.

39. The actions of the defendants, as described in this complaint, constitute a conspiracy to violate the plaintiff's civil rights. The plaintiff seeks damages pursuant to 42 U.S.C. § 1985.

40. That the plaintiff has been damaged as a result of the defendants' actions.

41. That these defendants should pay damages to the plaintiff.

42. That the actions of these defendants were willful, wanton, and egregious. These defendants should be ordered to pay punitive damages to the plaintiff.

## Declaratory Judgment

43. The Plaintiff re-alleges and incorporates all previous allegations into this case of action.

44. The Plaintiff shows his request for declaratory relief is made under 28 U.S.C. § 2201, which allows "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such".

45. The Plaintiff also seeks declaratory relief under 28 U.S.C. § 2202, which allows "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

46. The Plaintiff's requests for declaratory relief, which seek interpretation of Defendants' policies and practices, that are the functional equivalent of statutes, are made under 28 U.S.C. §§ 2201-2202.

47. The Plaintiff seeks declarations that include the determination that Defendants violated her rights under the Arkansas and United States Constitutions as described in this complaint.

## Injunctive Relief, Temporary Restraining Order and Temporary Injunction

48. The Plaintiff re-alleges and incorporates all previous allegations into this case of action.

49. The Plaintiff satisfies the requirements under Arkansas law to obtain injunctive relief because she has causes of action against Defendants; can demonstrate a probable right to recover; can show probable, imminent, and irreparable harm; and

has no adequate remedy at law.

50. The Plaintiff is entitled to the equitable and injunctive relief sought, as all or part of the relief requires the restraint of some act prejudicial to the Plaintiff.

51. The Defendants are acting in violation of the rights of Plaintiff, which cause harms inflicted upon Plaintiff by Defendants that are irreparable harms.

52. The Plaintiff's injuries and damages are irreparable as they cannot be adequately compensated in damages or they "cannot be measured by any certain pecuniary standard.

53. The Plaintiff is entitled to a writ of injunction under the principles of equity and under the laws of the State of Arkansas relating to injunctions.

## Mandamus Relief

54. The Plaintiff re-alleges and incorporates all previous allegations into this case of action.

55. Mandamus relief is proper here as the *ultra vires* conduct complained of is governmental inaction the refusal of Defendants to lift the illegal criminal trespass warning. This court may issue a writ of mandamus compelling action to bring the Defendants into conformance with the law. The mandamus relief requested here is to compel a government official to perform an act that is nondiscretionary, when there is no other adequate remedy by law.

56. An appeal from an original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit.

57. Despite attempts by Plaintiff to obtain correction of the Defendants' illegal conduct complained of, Defendants continue to violate Arkansas laws and infringe on Plaintiff's and others' rights, which causes irreparable injury to Plaintiff and others.

58. This court should issue a writ of mandamus to force the Defendants to stop infringing on the Plaintiff's constitutional rights.

## REQUESTED RELIEF

59. That the defendants should be enjoined from violating the plaintiff's civil rights. The plaintiff moves the court to grant expedited consideration to the plaintiff's injunction request.

60. This court should construe the actions and rights of the parties and declare that the defendants have violated the plaintiff's civil rights.

61. That this court should issue a writ of mandamus.

62. That the defendants should pay damages to the plaintiff.

63. That the actions of the defendants were willful and wanton. They should pay punitive damages to the plaintiff.

64. That the defendants should pay the plaintiff's attorney's fees and costs are required by federal and state law.

65. That, pursuant to Fed. R. Civ. P. 38, the plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff prays this honorable Court grant judgment in her favor; for damages, including punitive damages, in an amount to be proven at trial;

for attorney's fees and costs; all other relief to which she is entitled.

Respectfully Submitted,

*/s/Clinton W. Lancaster*
Clinton W. Lancaster, 2011179
The Lancaster Law Firm
P.O. Box 1295
Benton, AR 72018
P:  (501) 776-2224
F:  (501) 778-6186
E:  clint@thelancasterlawfirm.com

## CERTIFICATE OF SERVICE

By my signature above, I certify pursuant to Ark. R. Civ. P. 5(e) that a copy of the foregoing has been delivered by the below method to the following person or persons:

☐ First Class Mail   ☐ Facsimile   ☐ Email   ☒ AOC/ECF   ☐ Hand Delivery

George Jay Bequette            Sara Monaghan

W. Cody Kees

on this __PER ADMIN. ORDER NO. 21, § 7_ DAY of SEPTEMBER, 2022.