IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MELISSA BOSCH**                                                        **PLAINTIFF**

v.                           **CASE NO. 4:22-cv-00677-LPR**

**DR. TONY THURMAN, Cabot Public Schools Superintendent;
CABOT PUBLIC SCHOOL DISTRICT; and
CITY OF CABOT, ARKANSAS**                        **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Come now Separate Defendants, Dr. Tony Thurman ("Thurman"), Cabot Public Schools Superintendent, and Cabot Public School District ("District") (collectively, "District Defendants"), by and through their attorneys, Bequette, Billingsley & Kees, P.A., and for their Brief in Support of their Motion for Protective Order pursuant to Fed. Rule Civ. P. 26(c), state:

**I.**      **BACKGROUND.**

This lawsuit arises from a statement made by Plaintiff at a Moms for Liberty meeting on or around June 9, 2022:

> If I was - any mental issues, [the District librarians] would all be plowed down with a freaking gun by now.

This statement was made about two weeks after the tragic school shooting at Robb Elementary School in Uvalde, Texas. Plaintiff's statement was disseminated by third parties on social media. In response to concerns from faculty, staff, and parents, and to help ease the actual and anticipated substantial disruption to the District's operations, the District sent a letter to Plaintiff advising her that she could attend to the affairs of her children at school but otherwise would not be permitted on District property. Dkt. No. 5-1. Specifically, Plaintiff was still able to drop off and pick up her children from school. *Id.* She was also still able to attend her children's parent/teacher conferences, open house, IEP meetings, 504 meetings, and/or disciplinary meetings after scheduling those

appointments with building administration at least twenty-four (24) hours in advance. *Id.* If Plaintiff needed to enter District property for any other reason, she was instructed to contact Thurman or Michael Byrd, Deputy Superintendent, at least twenty-four (24) hours in advance of the event and/or meeting. *Id.*

In response, Plaintiff filed suit against the District Defendants and City of Cabot, claiming Defendants "illegally prevented Plaintiff from exercising her rights to enter public school property without having to provide special notice and receive special permission" and "ordered, directed, and/or committed violations of [P]laintiff's rights." Dkt. No. 1 at ¶ 24, 33. Since the filing of Plaintiff's Complaint, obtaining discovery from Plaintiff has been difficult. Plaintiff only provided initial disclosures eight weeks after the agreed deadline, following three good-faith letters. Plaintiff's discovery responses were also untimely and provided only after a good-faith letter. Even then, Plaintiff included several boilerplate objections despite those objections being waived by her failure to timely respond. It further took three emails, including a threat to unilaterally notice Plaintiff's deposition, before Plaintiff's counsel responded with Plaintiff's deposition availability.

Despite the difficulty in obtaining discovery from Plaintiff, Plaintiff now seeks to conduct her discovery from the District Defendants outside of the Federal Rules of Civil Procedure and the jurisdiction of this Court through requests made under the Arkansas Freedom of Information Act ("AFOIA"), Ark. Code Ann. §§ 25-19-101, *et seq*. On Saturday, July 8, 2023, Plaintiff's counsel sent two AFOIA requests. The first AFOIA request sought:

1. all emails concerning this case
2. all text messages from your clients
3. all status reports provided by counsel
4. all billing records generating by counsel in this case

>   5. any and all communications not specifically requested herein including handwritten notes

First AFOIA Request, attached to Motion as Ex. A. The second AFOIA request sought:

>   1. all emails in response to my FOIA request #2 regarding notice to your client to produce the requested records and all response
>
>   2. any and all public records regarding this lawsuit
>
>   3. any and all public records regarding Missy Bosch
>
>   4. any and all public records regarding threats against Cabot School District
>
>   5. any and all public records regarding any natural person being trespassed from Cabot School District properties
>
>   6. any and all public records responses from Cabot School district regarding threats
>
>   7. any and all public records of communications to parents about threats to the Cabot School district

Second AFOIA Request, attached to Motion as Ex. B. In both AFOIA requests, Plaintiff's counsel stated that the three-day rule does not apply and that if the records are not produced in a timely manner, he will unilaterally file suit to enforce rights under the AFOIA.

In response to these AFOIA requests, the District Defendants' counsel conferred in good faith their objections to these requests. Good Faith Correspondence, attached to Motion as Ex. C. First, the AFOIA requests are being impermissibly used in lieu of or as a supplement to discovery in this case. *Id.* The District Defendants requested that Plaintiff send these requests for production under Rule 34 of the Federal Rules of Civil Procedure. *Id.* Second, the AFOIA requests were sent to counsel, but counsel is not an entity covered under the AFOIA. *Id.* Third, to the extent Plaintiff's requests seek documents protected by the attorney-client privilege and/or work-product doctrine, those documents are protected from disclosure. *Id.*

Instead of engaging in any meaningful dialogue, Plaintiff's counsel Robert Steinbuch told the District Defendant's counsel he was incorrect and should buy his AFOIA book.

3

Correspondence, attached to Motion as Ex. D. In correspondence with Plaintiff's other counsel, the District Defendants resolved the second issue, regarding the entity to whom the AFOIA are directed, but the parties have been unable to resolve the other two issues. Response to Good Faith Correspondence, attached to Motion as Exs. E and F. During these good faith communications, Plaintiff sent a third AFOIA requesting:

> 1. Any and all email from Tony Thurman, Cabot School District and the City of Cabot regarding and or referencing Missy Bosch

Third AFOIA Request, attached to Motion as Ex. E.

Because the District Defendants have been unable to resolve these discovery issues with Plaintiff, the District Defendants seek a protective order (1) prohibiting Plaintiff and her counsel from using the AFOIA as a substitute for discovery and requiring Plaintiff to submit all discovery requests pursuant to the Federal Rules of Civil Procedure and (2) protecting from discovery by Plaintiff and release to third parties any documents or other information protected by the attorney-client privilege and work-product doctrine.

## II.  AUTHORITY AND ARGUMENT.

### A.  **A Protective Order Should Be Entered Prohibiting Plaintiff from Using AFOIA Requests to Circumvent Discovery.**

Discovery in this case must be conducted pursuant to the Federal Rules of Civil Procedure. This is a federal-question action; this Court has subject-matter jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff's AFOIA requests are clearly attempts to circumvent the Federal Rules of Civil Procedure and this Court's jurisdiction. The District Defendants, therefore, seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) to prevent unduly burdensome and harassing discovery from being conducted by the Plaintiff pursuant to the AFOIA.

Rule 26(c) of the Federal Rules of Civil Procedure provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A)   forbidding the disclosure or discovery;
>
> (B)   specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C)   prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D)   forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E)   designating the persons who may be present while the discovery is conducted;
>
> (F)   requiring that a deposition be sealed and opened only on court order;
>
> (G)   requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H)   requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Plaintiff's attempt to request documents under the AFOIA rather than the Federal Rules of Civil Procedure does not prevent this Court from issuing a protective order pursuant to Federal Rule of Civil Procedure 26(c). The AFOIA clearly contemplates protective orders being issued to prevent the AFOIA from being used to conduct discovery. Ark. Code Ann. §25-19-105(b)(8) exempts from disclosure "documents which are protected from disclosure by order or rule of court." The Arkansas Supreme Court in *City of Fayetteville v. Edmark*, 304 Ark. 179, 801 S.W.2d

275 (1990), recognized the trial court's authority to issue a protective order precluding the litigant's use of the AFOIA to end-run discovery rules. The court stated:

> A trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that would provide [A]FOIA exemption under Section 25-19-105(b)(8). . . . We interpret this section as requiring the circuit court to grant exemption if another court has restricted disclosure of documents being sought. The [A]FOIA court must give credit to protective orders previously issued by other courts.

*Id.* at 191, 801 S.W.2d at 281. Following *Edmark*, the United States District Court for the Eastern District has issued orders to regulate use of AFOIA requests in pending cases. *See Hartman v. City of Sherwood*, No. 4:21-cv-00974 KGB, 2022 U.S. Dist. LEXIS 163166, at *5-6 (E.D. Ark. Sept. 9, 2022) (granting the defendant city's motion for protective order to prevent the plaintiff from seeking documents through an AFOIA request and instead allowing the defendant to respond as required by the Federal Rules of Civil Procedure); *Frazier v. The City of Pine Bluff, Ark.,* Case No. 5:16-cv-00135 BSM (E.D. Ark. Aug. 5, 2016) (ordering rules for AFOIA requests) (attached to Motion as Ex. G); *McMillan v. Live Nation Entertainment, et. al.*, Case No. 4:11-cv-00332 JMM (E.D. Ark. May 24, 2011) (ordering directives for AFOIA requests, including an agreement to provide a thirty-day period for responding to AFOIA requests) (attached to Motion as Ex. H); *Mangieri vs. Ark. State Univ.*, No. J-C-94-140 (E.D. Ark. Aug. 30, 1994) (holding attorney-client privileged communications and documents within the scope of the work product doctrine were protected from discovery by the opposing party or release to any third party, despite the defendants being subject to the AFOIA) (attached to Motion as Ex. I).

Plaintiff's AFOIA requests leave little doubt that she is using the AFOIA to conduct discovery. All of Plaintiff's requests are directed towards the District's communications about this case or issues arising from this case. Plaintiff, however, cannot use the AFOIA to circumvent the discovery process under the Federal Rules of Civil Procedure. The Supreme Court of the United

States has ruled that the primary purpose of Federal Freedom of Information Act ("FFOIA"), 5 U.S.C. § 552, is not to benefit private litigants or to serve as a substitute for civil discovery. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153, 110 S. Ct. 471, 107 L. Ed. 2d 462 (1989); *see also U.S. v. Weber Aircraft Corp.*, 465 U.S.792, 801-02, 104 S. Ct. 1488, 79 L. Ed. 2d 814 (1984). The United States Court of Appeals for the Eighth Circuit has also recognized that a FFOIA request cannot be used to circumvent the discovery rules and limitations of a civil action. *Parton v. U.S Dep't of Justice*, 727 F.2d 774, 777 (8th Cir. 1984) ("Due to the circumstances present in this suit, it is also well to note that it is not the purpose of the [FFOIA] to benefit private litigants by serving as a supplement to the rules of civil discovery."). This limitation to using the FFOIA to circumvent discovery in a federal civil action has also been applied to AFOIA requests. *See Hartman*, 2022 U.S. Dist. LEXIS 163166, at *5-6. Because Plaintiff's actions demonstrate a disregard for the discovery process and violate the intent of the AFOIA, this Court should enter a protective order that prohibits Plaintiff from using the AFOIA as a substitute for discovery and require Plaintiff to submit all discovery requests pursuant the Federal Rules of Civil Procedure.

  **B.** **A Protective Order Should Be Entered Protecting from Discovery and Release Attorney-Client Privileged Communications and Work Product.**

Moreover, the Court should enter a protective order that documents protected by the attorney-client privilege and work-product doctrine are protected from discovery by Plaintiff and release to third parties under AFOIA requests. Notably, Plaintiff's AFOIA requests seek information protected from disclosure by federal attorney-client privilege and the work-product doctrine. Federal law governs the privilege and work-product issues before this Court. Fed. R. Evid. 501; Fed. R. Civ. P. 26(B)(3). "The precedent on point is clear." *Fatemi v. White*, No. 4:11-cv-458-DPM, 2014 U.S. Dist. LEXIS 199573, at *4 (E.D. Ark. March 27, 2014). "In cases involving primarily federal claims, like this one, the federal law of privilege applies." *Id.* at *5

(citing *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985). Federal law also applies on work-product issues. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). "The Supremacy Clause resolves the conflict between this federal law and the [A]FOIA, which would otherwise make [attorney-client privilege and work-product] materials public records." *Fatemi*, 2014 U.S. Dist. LEXIS 199573, at *7 (citing U.S. Const. Art. VI). The court in *Fatemi* noted the criticisms contained in Plaintiff's counsel's AFOIA book, but noted that federal law was clear on the application of federal attorney-client privilege and work product to the AFOIA. *Fatemi v. White*, No. 4:11-cv-458-DPM, 2013 U.S. Dist. LEXIS 208049, at *4 (E.D. Ark. June 19, 2013).

> The court further noted:
>
>> The many benefits to the fair and efficient administration of justice from the attorney-client privilege and the work-product protection are familiar. These doctrines are part of the furniture in our adversary system. Suffice it to say that, once litigation begins, a lawyer cannot represent her client as effectively and zealously as she otherwise could if all written communications with her client, as well as all her research, strategy, and notes, are open to interested citizens, . . . and thus, inevitably, to opposing parties in the case.

2014 U.S. Dist. LEXIS 199573, at *5-6 (internal citations omitted).

In *Fatemi*, the court granted the defendant's request for a protective order, holding that the federal common law of privilege and work product shielded certain post-suit materials from disclosure under the AFOIA until the litigation ended. 2014 U.S. Dist. LEXIS 199573, at *6-7. The documents protected from disclosure included client-lawyer communications, deposition-related materials, drafts of papers to be filed with the Court, legal research, notes, and memoranda about interviews, meetings, and timelines. *Id.* at *7. "All these materials were, because of this pending case, made confidential by federal law when they were created." *Id.*

Similarly, in *Mangieri*, the court issued a protective order in favor of Arkansas State University, despite the plaintiff's opposition based on the AFOIA. The court held that attorney-

8

client privileged communications and documents within the scope of the work product doctrine were protected from discovery by the opposing party or release to any third party. Ex. I at pp. 4-5. In granting the protective order, the court concluded that decisions from Arkansas state courts applying the AFOIA were focused and concerned "with the whole body of Arkansas law, and the function of Arkansas law in the affairs of Arkansas citizens" and did not affect the federal courts' "primary concerns [of] the efficient administration of justice and the fair resolution of federal claims redressable by the parties litigant in federal court. Thus, federal law and procedure must be applied." *Id.* at p. 4.

Plaintiff requests emails concerning this case, text messages between the District Defendants and counsel, status reports provided by counsel, and other communication including handwritten notes. These documents, particularly those prepared after this lawsuit was threatened or filed, are protected by the attorney-client privilege. Also protected would be any work product prepared by the District Defendants' counsel. Thus, the Court should enter a protective order that documents protected by the attorney-client privilege and work-product doctrine are protected from discovery by Plaintiff and release to third parties.

**III.    CONCLUSION.**

Simple fairness requires that Plaintiff and the District Defendants be required to play by the same rules. While Plaintiff has thirty (30) days to respond to the District Defendants' discovery submitted under the Federal Rules of Civil Procedure, the District Defendants have only three (3) days (at best) to respond to AFOIA requests. This provides an unfair advantage to Plaintiff unrelated to the merits of the underlying case. If the integrity of the judicial process is to be maintained, the parties should be required to play by the same rules and should equally be permitted to engage in privileged communications with their attorneys. This Court should exercise

its discretion under Rule 26(c) to prevent Plaintiff from using the AFOIA to circumvent discovery and obtain information protected under the attorney-client privilege and work-product doctrine.

The District Defendants pray that this Court issue a protective order (1) prohibiting Plaintiff and her counsel from using the AFOIA as a substitute for discovery and requiring Plaintiff to submit all discovery requests pursuant the Federal Rules of Civil Procedure and (2) protecting from discovery by Plaintiff and release to third parties any documents or other information protected by the attorney-client privilege and work-product doctrine.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com
Email: pbrick@bbpalaw.com

By:  **Phillip M. Brick, Jr.**
     Jay Bequette, Ark. Bar No. 87012
     W. Cody Kees, Ark. Bar No. 2012118
     Phillip M. Brick, Jr., Ark. Bar No. 2009116

*Attorneys for District Defendants*