IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| MELISSA BOSCH,<br><br>PLAINTIFF<br><br>vs.<br><br>CABOT PUBLIC SCHOOL SUPERINTENDENT TONY THURMAN, CABOT PUBLIC SCHOOL DISTRICT, CITY OF CABOT, ARKANSAS,<br><br>DEFENDANTS | No.: 4-22-CV-677-LPR |

**RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants complain that Plaintiff has used the Arkansas Freedom of Information Act in a way that violates the Court's discovery rules.  Defendants are wrong on all fronts.

First, Plaintiff hasn't made a FOIA request.  One of her counsel has, and he's not a party to this action, needless to say.  This motion cannot lie against him.

Second, the FOIA request seeks a host of information clearly independent of anything that resembles potential discovery in this case—such as billing records by the government's hired and very well compensated private counsel.

Third, had (1) Plaintiff made a FOIA request for (2) discovery material in the instant case, that would nonetheless be entirely permissible.  Below is an excerpt from STEINBUCH, THE ARKANSAS FREEDOM OF INFORMATION ACT (8th Ed. 2022), Chapter 9 which explains all this in

detail.[1]

*CHAPTER 9: THE FOIA AS A*

*DISCOVERY DEVICE*

## § 9.01 Introduction

This chapter explores how the Freedom of Information Act can be used as an alternative or adjunct to discovery in civil and criminal cases and in administrative proceedings. Simply stated, the FOIA and discovery rules "are independent of one another."[2] As a result, lawyers may employ the Act to obtain some information not available via discovery, a pretrial process central to modern litigation, particularly in civil cases. Although the FOIA probably is most useful as a discovery tool when a government agency or a private organization supported by public funds is a party to the litigation, the Act also might prove beneficial in litigation that does not involve these entities.

### § 9.02 Relationship Between the FOIA and Discovery Rules

The FOIA was enacted primarily to ensure that "public business [is] performed in an open and public manner."[3] Under the Act, any public record not specifically exempt from disclosure is available for inspection and copying by "any citizen of the State of Arkansas,"[4] irrespective of the citizen's purpose or motive in seeking access. Discovery, on the other hand, is "designed to narrow and clarify the issues in litigation and to ascertain the facts, or information as to the existence and whereabouts of facts, relevant to those issues."[5] A litigant's right to discovery is tied directly to the lawsuit and is based, in large part, on his or her need for information. In theory, a litigant should not find it necessary to use the FOIA for discovery, because access to information under the court rules regulating the discovery process "should be as great or greater than that available under the [Act]."[6]

---

[1] There might be slight differences between the quoted text and the published text, as the quoted text is taken from the author's WORD files. Also, the numbering in the footnotes is that of the brief rather than of the book, largely because the first undersigned (Steinbuch) doesn't know how to do it differently. The book is now available online through Lexis, as Lexis is the publisher.

[2] Ark. Op. Att'y Gen. No. 2010-038 (citing fifth edition of this book).

[3] ARK. CODE ANN. § 25-19-102.

[4] *Id.* § 25-19-105(a)(1).

[5] Edward A. Tomlinson, *Use of the FOIA for Discovery Purposes*, 43 MD. L. REV. 119, 121 (1984) (citing Hickman v. Taylor, 329 U.S. 495 (1947)). The term "discovery" encompasses the methods by which a litigant or potential litigant obtains information regarding the lawsuit. Modern discovery is based on the notion that "the purpose of litigation is not to conduct a contest or to oversee a game of skill, but to do justice as between the parties and to decide controversies on their merits." Alexander Holtzoff, *The Elimination of Surprise in Federal Practice*, 7 VAND. L. REV. 576, 577 (1954).

[6] Tomlinson, *supra* note 4, at 121 (describing relationship between federal FOIA and discovery in federal civil litigation); *see also* Ark. Op. Att'y Gen. No. 80-021 (opining that landowner in

But clearly that is not always the case in practice; as the Arkansas Supreme Court has observed, "The FOIA at times provides greater disclosure than do the discovery procedures afforded by the Arkansas Rules of Civil Procedure."[7] For example, the discovery devices provided in those rules are not available to a prospective litigant,[8] and discovery is limited to information "relevant to the issues" in the pending case.[9] By contrast, the FOIA can be used to obtain information prior to filing suit, and the Act contains neither a relevance standard nor a requirement that the requester demonstrate any need for the records. While discovery in civil cases is not permitted for "an outright and unadulterated fishing expedition,"[10] the FOIA can be used for that very purpose. And a "protective order obtained under discovery rules does not prevent availability of information under the FOIA."[11]

---

condemnation proceeding brought by state highway department may obtain department's appraisal report under both FOIA and discovery rules).

[7] Berry v. Saline Memorial Hosp., 322 Ark. 182, 185, 907 S.W.2d 736, 738 (1995).

[8] DAVID NEWBERN, JOHN J. WATKINS, & D.P. MARSHALL, ARKANSAS CIVIL PRACTICE & PROCEDURE § 22:1 (5th ed. 2010). A person's deposition may be taken prior to commencement of a civil action if necessary to perpetuate the testimony for subsequent use. *See* ARK. R. CIV. P. 27(a). This procedure might be necessary when, for example, a witness who would be expected to testify during discovery or at trial is aged or infirmed. *See, e.g.,* De Wagenknecht v. Stinnes, 250 F.2d 414 (D.C. Cir. 1957).

[9] ARK. R. CIV. P. 26(b)(1). This provision is narrower than the version of the corresponding federal rule on which it was based. The federal rule then in effect permitted discovery as to "any matter, not privileged, which is relevant to the subject matter involved in the pending action." The term "subject matter" was construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). *Compare* Curtis v. Partain, 272 Ark. 400, 403-04, 614 S.W.2d 671, 673-74 (1981) (because complaint was deficient with respect to claim for punitive damages, discovery as to defendant's financial condition was not relevant to any issue in the case), *overruled on other grounds by* Lupo v. Lineberger, 313 Ark. 315, 317-18, 855 S.W.2d 293, 294-95 (1993).

The current version of the federal rule limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). This change, made in 2000, was intended to allay growing concerns about the cost and delay of discovery. A further revision in 2015 required that the information also be "proportional to the needs of the case."

Even under the earlier version of the federal rule, courts on occasion held that particular information was irrelevant and thus not discoverable. In some of those cases, the information presumably could have been obtained under the federal FOI act. *E.g.,* United States v. Exxon Corp., 87 F.R.D. 624 (D.D.C. 1980) (in action involving petroleum-pricing regulations, limiting discovery to internal agency documents prepared before certain date); Southwest Grease & Oil Co. v. United States, 44 F.R.D. 456 (D. Kan. 1968) (in action for tax refund, excluding from discovery unpublished-letter rulings issued by IRS to other taxpayers); *see also* Janice Toran, *Information Disclosure in Civil Actions: The FOIA and the Federal Discovery Rules,* 49 GEO. WASH. L. REV. 843, 861-62 (1981).

[10] Marrow v. State Farm Ins. Co., 264 Ark. 227, 235, 570 S.W.2d 607, 612 (1978) (quotation marks omitted).

[11] Hollis v. Fayetteville Sch. Dist. No. 1 of Washington Cty., 2016 Ark. App. 132, 7, 485 S.W.3d 280, 284 (2016) citing City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990).

*** 

… Is it possible for a record open to all citizens under the FOIA to be "privileged" in discovery? Because the record is publicly available, any claim of privilege seems untenable, at least at first blush. As one federal court has put it, "Rule 26(b) does not authorize an agency to withhold any records which the [federal FOIA] commands it to disclose."[12] On the other hand, a document could be privileged in the discovery context but nevertheless available under a different mechanism, *i.e.*, the FOIA. Under this view, which has been embraced by the Arkansas Supreme Court, the FOIA and the discovery rules operate independently, and a litigant may be able to use the Act to obtain documents that are unavailable to him or her via discovery because of a privilege.[13] Thus, documents privileged in the course of discovery do not lose that status in a particular case under the rules of civil procedure because they separately remain subject to disclosure under the FOIA.

This approach suggests an answer to the third question. If the FOIA and the discovery rules are indeed independent of each other, the fact that a record is privileged or otherwise not discoverable in civil or criminal cases or in administrative proceedings does not mean that it is exempt from disclosure under the FOIA. As discussed more fully below, for example, the Arkansas Supreme Court has held that records covered by the attorney-client privilege are open for inspection under the FOIA[14] even though those documents are not discoverable.[15] In sum, discovery limitations do not apply with respect to FOIA requests.[16]

---

[12] Moore-McCormack Lines, Inc. v. I.T.O. Corp., 508 F.2d 945, 950 (4th Cir. 1974); *see also* Firestone Tire & Rubber Co. v. Coleman, 432 F. Supp. 1359, 1371 n.23 (N.D. Ohio 1976) ("Information which the government must disclose to the public generally may not be withheld from a member of the public who engages the government in litigation.").

[13] *See* Berry v. Saline Memorial Hosp., 322 Ark. 182, 185, 907 S.W.2d 736, 738 (1995) (recognizing that FOIA "at times provides greater disclosure than do the discovery procedures afforded by the Arkansas Rules of Civil Procedure"); Scott v. Smith, 292 Ark. 174, 176, 728 S.W.2d 515, 515-16 (1987) (holding that ARK. R. CIV. P. 26(b)(3) is a procedural rule limited to discovery and has no application to a FOIA request); Ark. Op. Att'y Gen. No. 96-306 (stating that FOIA "is completely independent from the 'discovery rules' … [and] may be used in addition to, or in lieu of, the discovery rules"); *see also* Tomlinson, *supra* note 4, at 168-73.

[14] McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989); Scott v. Smith, 292 Ark. 174, 728 S.W.2d 515 (1987); *see also* Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968); Ark. Op. Att'y Gen. No. 2002-250.

[15] Under ARK. R. CIV. P. 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, which is relevant to the issues in the pending action[.]" The term "privileged" includes the attorney-client privilege found in ARK. R. EVID. 502; *see* Courteau v. St. Paul Fire & Marine Ins. Co., 307 Ark. 513, 821 S.W.2d 45 (1991).

[16] Other jurisdictions also take this approach. *See*, *e.g.*, North v. Walsh, 881 F.2d 1088, 1096 (D.C. Cir. 1989) (holding discovery limits in civil and criminal cases inapplicable in FOIA context); Washington Post Co. v. United States Dep't of Health & Human Servs., 690 F.2d 252, 259 n.2 (D.C. Cir. 1982) (recognizing that private litigants may use federal FOI act as discovery device); (United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978) (recognizing that federal FOI act "provides an independent basis for obtaining information potentially useful in a criminal trial"); Ragusa v. New York State Dep't of Law, 578 N.Y.S.2d 959, 962-63 (Sup. Ct. 1991) (ruling that litigant seeking

### § 9.03 Particular Issues Involving the FOIA and Discovery

The Arkansas Supreme Court has consistently required disclosure, pursuant to the FOIA, of the "work product" of lawyers who represent entities subject to the Act, even though this material is protected from discovery under Rule 26(b)(3) of the Arkansas Rules of Civil Procedure. Likewise, the Court has held that records containing information falling within the attorney-client privilege are open for inspection under the FOIA. Consequently, lawyers for government agencies, as well as those for private organizations supported by public funds, must open their files to opposing counsel absent a statute that exempts these records from the FOIA.

In addition, attorneys for these entities may not obtain court orders that effectively would exempt from the FOIA records otherwise open to the public, even though a protective order might be available to protect the information from discovery in litigation. If the General Assembly has not specifically exempted records from the FOIA, a trial judge may not use Section 25-19-105(b)(8) of the Act to create such an exemption via court order.

These issues are discussed more fully below. Also considered is whether and how these principles change when the underlying lawsuit is brought in federal court; the short answer is that the forum is immaterial. Although state law is generally irrelevant to discovery in federal court, an entity subject to the Arkansas FOIA may not in federal court resist disclosure of records open to the public as a matter of state law. Federal courts, however, have not always understood this.

### § 8.03[a] Trial Preparation Materials and Similar Records

Rule 26(b)(3) of the Arkansas Rules of Civil Procedure provides that the "work product" of attorneys is not subject to discovery absent a showing that the opposing party "has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Even though this so-called "ordinary" work product might be disclosed under limited circumstances, Rule 26(b)(3) offers almost absolute protection of what is known as "opinion" work product, *i.e.*, "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning litigation." Work product is also protected from discovery under Rule 17.5(a) of the Arkansas Rules of Criminal Procedure.

Rule 502 of the Arkansas Rules of Evidence embodies the attorney-client privilege, which precludes the introduction into evidence at trial of confidential communications between attorney and client. Under subsection (d)(6) of the rule, this privilege does not apply "[a]s to a communication between a public officer or agency and its lawyers unless the communication concerns a pending investigation, claim, or action and the court determines that disclosure will seriously impair the ability of the

---

information is not limited to discovery procedures and restrictions but "may have the benefits, as any other citizen, of the Freedom of Information Law").

public officer or agency to process the claim or conduct a pending investigation, litigation, or proceeding in the public interest."[17]

In *Scott v. Smith*[18] the Supreme Court rejected arguments that Rule 26(b)(3) and Rule 502 exempt records of government attorneys under Section 25-19-105(b)(8) of the FOIA, which shields documents protected by "order or rule of court." The Court reasoned as follows:

> A.R.E. Rule 502 is an evidentiary rule limited to court proceedings in this state…. ARCP Rule 26(b)(3) is a procedural rule limited to discovery. Neither Rule 502 nor ARCP Rule 26(b)(3) specifically provides that it should have application outside of these limited areas, and we have previously held that a statute dealing with admission of evidence and discovery should not create a specific exception to the Freedom of Information Act.[19]

In later decisions, the Court rejected other attempts by lawyers representing entities subject to the FOIA to protect their work product and material covered by the attorney-client privilege. For example, the Court held in *Arkansas Highway and Transportation Department v. Hope Brick Works, Inc.*[20] that Section 25-19-105(b)(7) of the FOIA, which exempts the "working papers" of various state officials, does not apply to records of attorneys for state agencies. Similarly, the Court ruled in *City of Fayetteville v. Edmark*[21] that litigation files, legal memoranda, and other working papers of private-law firms representing a municipality are not exempt under this provision.[22] As discussed below, the Court also made clear in *Edmark* that a trial judge may not use Section 25-19-105(b)(8) to exempt, via court order, attorney work product and privileged attorney-client communications. Echoing statements in previous opinions, the Court emphasized in *Edmark* that "[i]t is up to the legislature to fashion additional [FOIA] exemptions to cover the attorney-client privilege or attorney work product."[23]

---

[17] Although the attorney-client privilege and the work-product doctrine are sometimes confused, they are "separate and distinct." Parker v. Southern Farm Bureau Cas. Ins. Co., 326 Ark 1073, 1083, 935 S.W.2d 556, 561 (1996).

[18] 292 Ark. 174, 728 S.W.2d 515 (1987).

[19] *Id.* at 176, 728 S.W.2d at 515-16; *see also* City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990); McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989).

[20] 294 Ark. 490, 744 S.W.2d 711 (1988).

[21] 304 Ark. 179, 801 S.W.2d 275 (1990).

[22] The Supreme Court distinguished *Edmark* in Harrill & Sutter, PLLC v. Farrar, 2012 Ark. 180, 402 S.W.3d 511 (2012), in which the requester sought the litigation files of attorneys retained by the liability insurance carrier for three physicians employed by the University of Arkansas for Medical Sciences. The Court held that the FOIA did not apply, pointing out that the attorneys "were hired by, were paid by, and reported to" the insurance company. *Id* at 9, 402 S.W.3d at 516.

[23] 304 Ark. at 194, 801 S.W.2d at 283; *see also* McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989); Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968).

Legislation was introduced in the 1993 session of the General Assembly to provide a temporary exemption for "opinion" work product, but extensive lobbying by the news media doomed the bill.[24] Thus, any lawyer who represents any entity subject to the FOIA, whether a government agency or a private organization supported by public funds, is subject to greater disclosure than his or her private counterpart. Of course, government attorneys often have significant advantages flowing from their positions, including, generally, fewer financial constraints in litigating any individual case.

Little Rock City Attorney Tom Carpenter observed:

*Edmark* applies to legal memoranda, work product, and notes of counsel. Moreover, the decision applies not only to government counsel, but also to private counsel retained by the government—even if private counsel is retained only for one case…. In a case defended by the Little Rock City Attorney's Office, one plaintiff filed a complaint and almost simultaneously filed a freedom of information (FOI) request for the City's litigation files. In another federal court case, plaintiff's counsel subpoenaed the notes that a government lawyer made during the trial. Neither of these tactics is prohibited by *Edmark*.[25]

***

### § 9.03[b] Protective Orders

Under Rule 26(c) of the Arkansas Rules of Civil Procedure, a trial judge may, upon motion and for good cause shown, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" during the course of discovery. Among other things, the judge may direct that "discovery not be had," that certain matters not be inquired into, or that certain terms and conditions be imposed. Similarly, Rule 19.4 of the Arkansas

---

[24] House Bill 1357, sponsored by Rep. Jim Argue of Little Rock, was approved by the House but died in the Senate Judiciary Committee on a 3-3 vote. *See* Rachel O'Neal, *Proposal to Amend FOI Act Galters in Senate Committee*, ARK. DEMOCRAT-GAZETTE, Mar. 13, 1993, at 1B. The bill was based on a proposal by Tom Carpenter, the city attorney for the City of Little Rock. *See* Tom Carpenter, *You Want What? Access to Government Litigation Files Under FOI*, 25 ARK. LAWYER 16, 18-19 (Oct. 1991).

[25] Carpenter, *supra* note 32, at 16. Despite *Edmark*, a circuit judge in Pulaski County ruled that notes taken in a hearing by a lawyer representing a school district were not subject to disclosure under the FOIA. Danny Shameer, *Lawyers' Notes not Part of Public Record, Judge Rules*, ARK. DEMOCRAT-GAZETTE July 2, 1993, at 2D. The judge was concerned that "allowing an attorney for a school district to have his notes open for public inspection could give one side the ability to recover documents that another side wouldn't have." *Id.* The judge certainly was correct with respect to the effect on the school district in the litigation, but disclosure in this situation is nonetheless compelled under *Edmark*, which squarely held that memoranda and other records of outside counsel for public entities are available under the FOIA. The lawyer's handwritten notes fall within the Act's definition of public records, as they constitute "a record of the performance or lack of performance of official functions." ARK. CODE ANN. § 25-19-103(7)(A); *see* Ark. Op. Att'y Gen. No. 91-374 (opining that notes of state agency employees are public records).

Rules of Criminal Procedure provides that the judge may, upon a showing of cause, "order that specified disclosures be restricted or deferred, or make such other order as is appropriate." Because Section 25-19-105(b)(8) of the FOIA exempts records "protected from disclosure by order or rule of court," the question arises as to whether a protective order entered during discovery may effect an exemption from the Act for records. It may not.

In *Edmark*, discussed previously, the Supreme Court considered protective orders at some length. There the Court stated that a trial judge has "inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that would provide FOIA exemption under Section 25-19-105(b)(8)."[26] An order issued pursuant to this inherent authority, or under express authority granted by another statute or a court rule,[27] must be given effect by another court hearing a FOIA case. As the Court stated in *Edmark*, "[t]he FOIA court must give credit to protective orders previously issued by other courts."[28]

Read in isolation these statements suggest an order protecting certain documents from discovery in a case involving an entity covered by the FOIA would also exempt those records from the Act by virtue of Section 25-19-105(b)(8). However, the Court plainly held in *Edmark* that a protective order entered pursuant to a court's inherent authority or the discovery rules summarized above does not exempt from the FOIA any records open to the public under the Act. In that case, the records in question were legal memoranda and other materials prepared by attorneys representing the City of Fayetteville. A protective order was inappropriate, the Court concluded, because "[t]hese documents are precisely the type envisioned by the FOIA to be produced to the public."[29] Put another way, a court may not use its authority to issue protective orders to exempt from the FOIA, via Section 25-19-105(b)(8), records the General Assembly has not seen fit to exempt.

This result follows from the general principle that the FOIA and the discovery rules operate independently. A court may issue a protective order that prevents discovery of particular documents by a party, but that order does not affect their availability under the FOIA unless they also fall within one of the Act's specific exemptions. Although a court may issue a protective order to ensure that a litigant receives a fair trial[30] or to prevent an unconstitutional invasion of privacy,[31] these

---

[26] 304 Ark. at 191, 801 S.W.2d at 281.

[27] *E.g.*, ARK. CODE ANN. § 9-27-309(a) (authorizing circuit court, "within [its] discretion," to order juvenile records "closed and confidential").

[28] 304 Ark. at 191, 801 S.W.2d at 281.

[29] *Id.* at 191-92, 801 S.W.2d at 281.

[30] Arkansas Gazette v. Goodwin, 304 Ark. 204, 801 S.W.2d 284 (1990); Arkansas Newspaper, Inc. v. Patterson, 281 Ark. 213, 662 S.W.2d 826 (1984).

[31] *Cf.* McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989) (recognizing constitutional right to privacy).

considerations were not present in *Edmark*.[32] As the Supreme Court observed in that case with respect to disclosure of legal memoranda prepared by the city's lawyers, an "[e]nhanced risk of losing a trial does not equate to not getting a fair trial, but is a policy decision for the legislature."[33]

### § 9.03[c] Federal Litigation

The Federal Rules of Civil Procedure Discovery govern federal court cases, and state law is, for the most part, irrelevant.[34] Thus, the exemption of certain records from disclosure under the Arkansas FOIA does not render those records undiscoverable in federal litigation.[35] However, in the inverse situation when records are available under the FOIA, the Act provides an independent basis for access. A federal court may not enter a protective order preventing a party from obtaining records under the FOIA.[36]

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Even if a document is subject to discovery under this standard, Rule 26(c)(1) empowers the court, "for good cause shown," to issue an order "forbidding the disclosure or discovery." Such a protective order is appropriate if the records in question "truly are confidential"[37] and their disclosure would result in a "clearly defined and very serious injury."[38] If records are open for public inspection and copying pursuant to the Arkansas FOIA, they obviously are not "truly confidential," and a protective order should not be

---

[32] In litigation in 2002, the Attorney General sought not a protective order *per se*, but a court order prohibiting an opposing litigant from using the FOIA to "circumvent the discovery rules" and "annoy, oppress and unduly burden" the state. Traci Shurley, *State Wants Information Law Withheld in Pharmacists' Suit*, ARK. DEMOCRAT-GAZETTE, Jan. 23, 2002, at 1B. Such an order would contravene the principle that the FOIA and discovery rules operate independently. For a discussion of the FOIA as a tool to harass government, see Chapter 6, § 6.04.

[33] 304 Ark. at 193, 801 S.W.2d at 282.

[34] 8 CHARLES ALAN WRIGHT, *ET AL.*, FEDERAL PRACTICE & PROCEDURE § 2005, (3d ed. 2010).

[35] *See* Brown v. Oregon Dep't of Correction, 173 F.R.D. 262, 264 (Or. 1997) (ruling that exemption for personnel records in Oregon public records act "does not limit the broad discovery" available under FED. R. CIV. P. 26(b)(1)); Morrison v. City & County of Denver, 80 F.R.D. 289, 291 (D. Colo. 1978) (observing that Colorado Public Records Act "was never intended to thwart discovery in litigation").

[36] A federal court nevertheless granted a protective order to the Little Rock School District in 2001, as against FOIA requests by a desegregation litigant. Kimberly Dishongh, *Judge Lifts Deadline for LR Schools to Meet Lawyer's Document Request*, ARK. DEMOCRAT-GAZETTE, Aug. 16, 2001, at 1B. The district claimed that the requester "intended to annoy, oppress and unduly burden" the state by filing requests with school principals in August when they were preparing for the new school year. That order was wrong. The court, however, did not relieve the district of compliance with the FOIA but merely granted a reprieve from the FOIA deadline. With respect to use of the FOIA for purposes of harassment, see Chapter 6, § 6.04.

[37] Welsh v. City & County of San Francisco, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995).

[38] *Id.* (quoting Traveler's Ins. Co. v. Allied-Signal Inc. Master Pension Trust, 145 F.R.D. 17, 18 (D. Conn. 1992)).

entered. Moreover, courts have recognized the difference between seeking information via discovery, which might give rise to a protective order, and seeking information through an independent mechanism, which does not.[39]

An unreported case decided by the U.S. District Court for the Northern District of Georgia is illustrative.[40] There, a non-party moved for a protective order on the ground that the plaintiff was seeking access to certain documents under the Georgia Open Records Act in an attempt to circumvent the normal discovery process. The court denied the motion, refusing "to enter a protective order prohibiting [the plaintiff] from gathering information through a means which is independent from the discovery devices employed in this case."

Unfortunately, a federal magistrate judge in Arkansas reached the opposite result in an unreported 1994 ruling.[41] The issue arose in a civil-rights action by the former president of Arkansas State University against members of the university's board of trustees. When the defendants moved for a protective order to prohibit discovery of attorney-client communications and protect attorney-work product from disclosure, the plaintiff resisted by pointing to Arkansas cases making plain that records of this type are open to the public under the FOIA. In granting the defendant's motion, the magistrate concluded the decisions applying the FOIA reflected "the function of Arkansas law in the affairs of Arkansas citizens" and had no impact in federal court, where "federal law and procedure must be applied" to ensure "the efficient administration of justice and the fair resolution of federal claims." The magistrate further asserted the protective order would exempt the records under Section 25-19-105(b)(8) of the FOIA.

This decision, which has no precedential value, is fundamentally flawed. First, as stated above, a protective order forbidding discovery should be granted only when the materials are "truly confidential." Records open to public inspection can hardly be described in that fashion. Second, by enacting the FOIA, the General Assembly has in effect waived whatever protection the attorney-client privilege and work-product doctrine would otherwise afford when an entity subject to the Act or an official or employee of that entity is a litigant in any court. Third, the magistrate's reading of Section 25-19-105(b)(8) is at odds with *Edmark*, which makes plain that a court cannot use that provision to exempt records the legislature has not seen fit to exempt. Fourth, since the magistrate judge would be powerless if a non-party made

---

[39] *See* Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984) (ruling proper a protective order prohibiting defendants from disseminating information obtained during discovery but allowing dissemination of same information if it is obtained independently of the discovery process); *In re* Rafferty, 864 F.2d 151 (D.C. Cir. 1988) (holding that district court abused its discretion to regulate discovery by issuing a protective order prohibiting the plaintiff from disseminating information obtained independently of discovery); Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940 (2d Cir. 1983) (holding that district court exceeded its authority by preventing plaintiff from disclosing trade data obtained through means other than discovery).

[40] *See* Gulf States Steel of Ala., Inc. v. Secretary, Dep't of Labor, 23 Media L. Rptr. 1351, 1351-52 (N.D. Ga. 1994) (describing Carroll Anesthesia Assocs. v. Quorum Health Res., Inc., No. 1:93-cv-2185-ODE (N.D. Ga. July 6, 1994)).

[41] Mangieri v. Arkansas State Univ., No. J-C-94-140 (E.D. Ark. Aug. 30, 1994).

the same FOIA request of the defendant and then shared the information with the plaintiff, the opinion fails as a matter of logic in addition to law.

Ironically, the proper analysis is reflected in a federal case cited in the magistrate's decision. In *Texaco, Inc. v. Louisiana Land and Exploration Co,*[42] the question was whether a state agency could shield from another party certain records covered by the attorney-client privilege. A magistrate judge decided that a protective order was inappropriate because the documents were public records subject to disclosure under the Louisiana Public Records Law. Therefore, the magistrate judge concluded, the state lacked "a reasonable expectation of confidentiality" as to those records. The district court disagreed, holding that a state statute pertaining to the attorney-client privilege operated as an exception to the public-records law. Despite reaching a conclusion different from that of the magistrate judge, the district court employed the same analytical framework, asking whether the documents in question were open to the public under state law. Had that question been answered affirmatively, the magistrate judge's ruling would have been upheld.

### § 9.04 Using the FOIA for Discovery

Parties or potential parties to litigation may employ the FOIA as a discovery device in connection with civil actions, criminal cases, and administrative proceedings. In general, the Act can be used to obtain: evidence or leads for a claim prior to filing suit against the government; information about a potential governmental proceeding against the requester; records for use in private litigation not involving the agency, whether those records have been generated by the agency or received from third parties; and records not discoverable because they are irrelevant or privileged, or because discovery is limited or unavailable in the proceeding. In addition, the FOIA may be used in tandem with the discovery rules to obtain an additional search of agency records, whether with the expectation of securing earlier release of relevant documents or with hopes of obtaining additional records.[43] Of course, this list is non-exhaustive, as the FOIA can be used for any purpose whatsoever.

### § 9.04[a] Civil Cases

As discussed previously, the Supreme Court has made clear that the FOIA and Arkansas Rules of Civil Procedure function independently; as a result, records protected from discovery under the rules are available under the Act unless covered by a specific statutory exemption. Moreover, the FOIA offers certain advantages as an alternative or adjunct to the discovery scheme set out in the rules. These advantages are available not only in actions against government agencies and other entities subject to the FOIA but also in "private" lawsuits involving litigants about whom those entities might have generated or collected information.

---

[42] 805 F. Supp. 385 (M.D. La. 1992).

[43] Tomlinson, *supra* note 4, at 152-91. This valuable article discusses in great detail the use of the federal FOI act for discovery purposes.

First, "any citizen" of the state may file a FOIA request, while only a party to a pending lawsuit may employ civil discovery. Prior to commencement of an action, discovery may be had only by deposition and then only under extremely limited circumstances.[44] Thus, a prospective litigant may use the FOIA to access information that could support an action against a government agency, a private entity subject to the Act by virtue of its receipt of public funds, or a third party about which the agency has generated or obtained records. This use of the FOIA is particularly important because the Arkansas Rules of Civil Procedure require a plaintiff to plead "facts" constituting a cause of action[45] and provide for the imposition of sanctions against an attorney who has filed a pleading without "an inquiry reasonable under the circumstances" to determine that "the factual contentions have evidentiary support."[46]

Second, the FOIA allows a requester to obtain disclosure of any nonexempt agency records without making any showing of need or relevance.[47] As stated previously, Rule 26(b)(1) of the Rules of Civil Procedure limits discovery to information "relevant to the issues" in the pending action. Moreover, records requested under the FOIA may not have to be described with the same degree of specificity as is required under Rule 34, which governs production of documents. A FOIA request need not describe the records in great detail, although the request must be "sufficiently specific to enable the custodian to locate the records with reasonable effort."[48] By way of comparison, Rule 34(b)(1) requires that the moving party describe the records "with reasonable particularity." This requirement, which necessarily varies somewhat in accordance with the facts and circumstances presented, has been applied rather strictly in some cases under the corresponding federal rule.[49]

Third, a FOIA requester might be able to avoid claims of privilege that immunize documents from discovery. Rule 26(b)(1) makes plain that privileged information is outside the scope of permissible discovery; however, as discussed previously, records containing material subject to evidentiary privileges or the work-product doctrine are

---

[44] ARK. R. CIV. P. 27; *see supra* note 7.

[45] ARK. R. CIV. P. 8(a), 12(b)(6); *e.g.*, Arkansas Dep't of Environmental Quality v. Brighton Corp., 352 Ark. 396, 102 S.W.3d 458 (2003). *See generally* ARKANSAS CIVIL PRACTICE & PROCEDURE, *supra* note 7, §§ 11:5, 11:7.

[46] ARK. R. CIV. P. 11(b). Paragraph (c) requires the trial court to impose "an appropriate sanction" upon finding that the rule has been violated. *See generally* ARKANSAS CIVIL PRACTICE & PROCEDURE, *supra* note 7, §§ 11:15-11:16.

[47] *See, e.g.*, Culinary Foods, Inc. v. Raychem Corp., 150 F.R.D. 122, 125 (N.D. Ill. 1993).

[48] ARK. CODE ANN. § 25-19-105(a)(2)(C); *see* Chapter 6, § 6.03.

[49] *E.g.*, Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49 (D.N.J. 1985) (concluding that request for documents that "refer to or relate to" plaintiff in employment-discrimination suit lacked "reasonable particularity" because every document in defendant's possession could be said to relate to plaintiff's employment); Balistrieri v. O'Farrell, 57 F.R.D. 567 (E.D. Wis. 1972) (holding request for production of plaintiff's "file pertaining to the defendants" too broad). *See generally* 8B CHARLES ALAN WRIGHT, *ET AL.*, FEDERAL PRACTICE & PROCEDURE § 2211 (3d ed. 2010).

available for inspection under the FOIA unless a specific statutory exemption provides for nondisclosure.[50]

Fourth, the FOIA is faster than discovery for obtaining copies of records. Section 25-19-105(e) of the Act contemplates immediate access, although it specifically provides that records in "active use or storage" must be made available within three working days.[51] Responses to FOIA requests for personnel records and employee-evaluation or job-performance records may take up to four working days because of the possibility that an Attorney General's opinion will be sought under Section 25-19-105(c)(3). In any event, these time frames are more favorable than the typical 30-day response period for document-production requests under Rule 34. If an agency improperly withholds records, however, a suit to force disclosure under the FOIA could take so long that the information is no longer useful in the litigation for which it was requested. While a stay of the underlying lawsuit could be sought pending resolution of the FOIA matter, such relief has been uncommon in other jurisdictions.[52]

Fifth, a litigant may use the FOIA without alerting his opponents that he or she is seeking information for use in the lawsuit. By contrast, the discovery rules require notice to opposing parties. Suppose, for example, a plaintiff sues a company regulated by a state agency. Obviously, the plaintiff may seek documents from the company under Rule 34 and subpoena them from the agency pursuant to Rule 45. But in either situation the company would be aware of the plaintiff's efforts. However, the plaintiff may use the FOIA to obtain records from the agency without tipping off the company, which would be unaware of the request and any court action that might follow from it. With two exceptions, there is no requirement that an agency receiving a request under the FOIA notify persons who might have some interest in the records. Section 25-19-105(c)(3) of the Act provides that an agency must give notice of a request for personnel records and employee-evaluation or job-performance records to the subject of the records, and the Attorney General has suggested that notice is required when the request involves records that might fall within the "competitive advantage" exemption set out in Section 25-19-105(b)(9)(A).[53]

Sixth, there are no restrictions on use of records made available under the FOIA. By contrast, release of sensitive documents in the course of discovery is often conditioned upon the recipient's compliance with the terms of a protective order issued by the court under Rule 26(c).[54] Nothing in the FOIA authorizes conditional

---

[50] *See supra* § 6.03[a]. *Compare* Scott v. Smith, 292 Ark. 174, 728 S.W.2d 515 (1987), *with* Bryant v. Mars, 309 Ark. 480, 830 S.W.2d 869 (1992).

[51] *See* Chapter 6, § 6.04.

[52] *See* Toran, *supra* note 8, at 865-68 (discussing federal cases).

[53] *See* Chapter 6, § 6.09.

[54] *See*, *e.g.*, Centurion Indus., Inc. v. Warren Steurer & Assocs., 665 F.2d 323 (10th Cir. 1981); Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866 (E.D. Pa. 1981). *See generally* Richard L. Marcus, *The Discovery Confidentiality Controversy*, 1991 U. ILL. L. REV. 457.

disclosure or limits the subsequent use of records obtained under the Act.[55] Moreover, a protective order does not exempt from the FOIA those records open for inspection and copying under the Act.

Seventh, an agency's decision denying access to records requested under the FOIA may be immediately challenged in the appropriate circuit court under Section 25-19-107(a) of the Act. On the other hand, discovery rulings generally cannot be appealed until a final judgment is entered.[56] In addition, a more favorable standard of appellate review applies in FOIA cases. While trial-court discovery rulings are subject to the deferential "abuse of discretion" standard, FOIA cases are reviewed *de novo*.[57]

Finally, a citizen who unsuccessfully challenges an agency's denial of his FOIA request in court runs little risk of being assessed attorney's fees and other litigation expenses. Section 25-19-107(d) of the Act permits a fee award against a FOIA plaintiff "only upon a finding that the action was initiated primarily for frivolous or dilatory purposes." In civil litigation, however, attorney's fees and other costs may be assessed against a party whose motion to compel discovery is denied. Under Rule 37(a)(4)(B) of the Arkansas Rules of Civil Procedure, a fee award against the moving party is required unless the court finds "the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." There is no corresponding advantage with respect to a fee award if one is successful in obtaining records under the FOIA, because in that situation the standard under Section 25-19-107(d) is much the same as for a successful motion to compel discovery under Rule 37(a)(4)(A).[58]

Using the FOIA has at least two disadvantages. First, limitations on the right of disclosure may not be overcome by a showing of need for the information. Because FOIA exemptions appear to be mandatory,[59] an agency may not disclose exempt records absent a specific grant of authorization. As discussed previously, however, even information clearly exempt under the FOIA may be disclosed by a court in the course of discovery if need is shown. Second, use of the FOIA as a discovery device

---

[55] *See* Ark. Op. Att'y Gen. No. 84-127.

[56] The Supreme Court may, in its discretion, permit an appeal from an order denying a motion for a protective order, compelling production of discovery, or denying a motion to quash production of materials pursuant to a subpoena when the defense to disclosure is any privilege recognized by Arkansas law or the opinion-work-product doctrine. Ark. R. App. P.–Civ. 2(f)(1). With respect to discovery orders involving records outside the rule's scope, the extraordinary writ of *certiorari* may be available in narrow circumstances to obtain immediate appellate review. *E.g.*, Arkansas Democrat-Gazette, Inc. v. Brantley, 359 Ark. 75, 194 S.W.3d 748 (2004) (granting writ on petition of non-party newspaper challenging order that it provide copyrighted photographs without charge).

[57] *Compare* Stein v. Lukas, 308 Ark. 74, 81-82, 823 S.W.2d 832, 836 (1992) (holding that discovery ruling will not be reversed absent an abuse of discretion), *with* Gannett River States Pub. Co. v. Arkansas Indus. Dev. Comm'n, 303 Ark. 684, 689-90, 799 S.W.2d 543, 547 (1990) (suggesting that *de novo* review is required in FOIA cases).

[58] *See* Chapter 8, § 8.03.

[59] *See* Chapter 3, § 3.04[a].

might not sit well with some judges. Some federal courts, for example, have been rather hostile when a freedom of information suit is brought in one court at the same time that discovery is taking place in another.[60]

Defendant's additional cases suffer the same infirmities as the federal cases described above.  Indeed, Federal Rule of Evidence 501 makes clear that "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  In this case, the cause of action is decidedly federal, but Defendants' motion attempts to interfere with the exercise of an unrelated state law by a non-party.  Defendants cannot validly appeal to federal procedure to interfere with that state law.  Such an overreach cannot be overstated.

This Court may not bind all the citizens of Arkansas, none of whom—save one—are parties to this action.  Thus, any order of this court would be moot, as Plaintiff is free to share her FOIA requests freely, as is counsel—unless the Court then attempted to impose an unconstitutional prior restraint on Plaintiff and/or counsel.  That's the absurd, yet logical, conclusion of Defendants' demands here.

This Court simply is not in a position to upend state law, and those courts that have done so have either misunderstood the law or hubristically flouted critical notions of federalism designed to prevent federal courts from acting like B-movie FBI agents pushing around local law enforcement.

<u>Conclusion</u>

For the foregoing reasons, Defendants' motion should be denied.

---

[60] *E.g.*, Lead Indus. Ass'n v. OSHA, 610 F.2d 70 (2d Cir. 1979); *see also* Robins & Weill, Inc. v. United States, 63 F.R.D. 73 (M.D.N.C. 1974) (rejecting attempt to use FOIA to expand scope of discovery). *Compare* Taydus v. Cisneros, 902 F. Supp. 288 (D. Mass. 1995) (refusing to regard non-production under FOIA as discovery noncompliance and, consequently, as basis for sanctions) *with* Tolerico v. Home Depot, 205 F.R.D. 169 (M.D. Pa. 2002) (allowing attorney's fees as sanction against party whose opponent resorted to federal FOI act when party failed to produce documents in discovery).

July 27, 2023                          Respectfully Submitted,

                                       ***/s/Robert Steinbuch***
                                       Robert Steinbuch, Ark. Bar # 2020-*007*
                                       STEINBUCH IMPACT LITIGATION
                                       PO Box 11200
                                       Conway, AR 72034
                                       Telephone: (501) ATTY-804 (288-9804)
                                       resteinbuch@gmail.com

                                       ***/s/Chris P. Corbitt***
                                       Chris P. Corbitt, Ark Bar #2004089
                                       Corbitt Law Firm, PLLC
                                       PO Box 11200
                                       Conway, AR 72034
                                       Telephone (501) 255-0112
                                       FAX (888) 838-9096
                                       www.corbittlawfirm.com
                                       Email: chris@corbittlawfirm.com

                                       ***/s/Clinton W. Lancaster***
                                       Clinton W. Lancaster, 2011179
                                       The Lancaster Law Firm
                                       P.O. Box 34407, PMB 26248
                                       Little Rock, AR 72203-4407
                                       P:  (501) 776-2224
                                       F:  (501) 778-6186
                                       E:  clint@thelancasterlawfirm.com