IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| MELISSA BOSCH,<br><br>　　　　　　　　　　　　　　　　PLAINTIFF<br><br>vs.<br><br>CABOT PUBLIC SCHOOL SUPERINTENDENT TONY THURMAN, CABOT PUBLIC SCHOOL DISTRICT, CITY OF CABOT, ARKANSAS,<br><br>　　　　　　　　　　　　　　　DEFENDANTS | No.: 4-22-CV-677-LPR |

**RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO
FILE A REPLY IN THEIR MOTION FOR A PROTECTIVE ORDER
SEEKING TO ENJOIN EVERY CITIZEN IN ARKANSAS FROM EXERCISING
THEIR RIGHTS UNDER THE ARKANSAS FREEDOM OF INFORMATION ACT**

Defendants seek to file a reply for failing to address the leading treatise on the Arkansas Freedom of Information Act—STEINBUCH, THE ARKANSAS FREEDOM OF INFORMATION ACT (Mathew Bender/Lexis, 8th Ed. 2022)—in their initial motion for a protective order, seemingly because Defendants didn't want to concede the existence of the most persuasive analysis available.

Defendants' arguments are misplaced.

1. Defendants has stated no valid reason for leave to file a reply.

2. Defendants argue that since other trial-level opinions have granted Defendants' requested relief, that the law supports this conclusion. Defendants are certainly within the bounds of proper argumentation to cite to non-controlling opinions, but neither Defendants' own

arguments nor the paper-thin analysis in those other opinions properly evaluates the law. And Defendants' heretofore failure to even present the leading treatise on the law betrays the incompleteness of their presentation. *See* STEINBUCH, THE ARKANSAS FREEDOM OF INFORMATION ACT (Mathew Bender/Lexis, 8th Ed. 2022) (now fully available online through Lexis, who now publishes the treatise).

3. STEINBUCH, THE ARKANSAS FREEDOM OF INFORMATION ACT (Mathew Bender/Lexis, 8th Ed. 2022), Chapter 9 explains in detail the folly of Defendants' claim for a protective order:

CHAPTER 9: THE FOIA AS A

DISCOVERY DEVICE

### § 9.01 Introduction

This chapter explores how the Freedom of Information Act can be used as an alternative or adjunct to discovery in civil and criminal cases and in administrative proceedings. Simply stated, the FOIA and discovery rules "are independent of one another."[1] As a result, lawyers may employ the Act to obtain some information not available via discovery, a pretrial process central to modern litigation, particularly in civil cases. Although the FOIA probably is most useful as a discovery tool when a government agency or a private organization supported by public funds is a party to the litigation, the Act also might prove beneficial in litigation that does not involve these entities.

\*\*\*

… [A]s the Arkansas Supreme Court has observed, "The FOIA at times provides greater disclosure than do the discovery procedures afforded by the Arkansas Rules of Civil Procedure."[2] For example, the discovery devices provided in those rules are not available to a prospective litigant,[3] and discovery is limited to information "relevant to the issues" in the pending case.[4] By contrast, the FOIA can be used to obtain information prior to filing

---

[1] Ark. Op. Att'y Gen. No. 2010-038 (citing fifth edition of this book).

[2] Berry v. Saline Memorial Hosp., 322 Ark. 182, 185, 907 S.W.2d 736, 738 (1995).

[3] DAVID NEWBERN, JOHN J. WATKINS, & D.P. MARSHALL, ARKANSAS CIVIL PRACTICE & PROCEDURE § 22:1 (5th ed. 2010). A person's deposition may be taken prior to commencement of a civil action if necessary to perpetuate the testimony for subsequent use. *See* ARK. R. CIV. P. 27(a). This procedure might be necessary when, for example, a witness who would be expected to testify during discovery or at trial is aged or infirmed. *See, e.g.*, De Wagenknecht v. Stinnes, 250 F.2d 414 (D.C. Cir. 1957).

[4] ARK. R. CIV. P. 26(b)(1). This provision is narrower than the version of the corresponding federal rule on which it was based. The federal rule then in effect permitted discovery as to "any

suit, and the Act contains neither a relevance standard nor a requirement that the requester demonstrate any need for the records. While discovery in civil cases is not permitted for "an outright and unadulterated fishing expedition,"[5] the FOIA can be used for that very purpose. And a "protective order obtained under discovery rules does not prevent availability of information under the FOIA."[6]

\*\*\*

…The Arkansas Supreme Court has consistently required disclosure, pursuant to the FOIA, of the "work product" of lawyers who represent entities subject to the Act, even though this material is protected from discovery under Rule 26(b)(3) of the Arkansas Rules of Civil Procedure. Likewise, the Court has held that records containing information falling within the attorney-client privilege are open for inspection under the FOIA. Consequently, lawyers for government agencies, as well as those for private organizations supported by public funds, must open their files to opposing counsel absent a statute that exempts these records from the FOIA.

In addition, attorneys for these entities may not obtain court orders that effectively would exempt from the FOIA records otherwise open to the public, even though a protective order might be available to protect the information from discovery in litigation. If the General Assembly has not specifically exempted records from the FOIA, a trial judge may not use

---

matter, not privileged, which is relevant to the subject matter involved in the pending action." The term "subject matter" was construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). *Compare* Curtis v. Partain, 272 Ark. 400, 403-04, 614 S.W.2d 671, 673-74 (1981) (because complaint was deficient with respect to claim for punitive damages, discovery as to defendant's financial condition was not relevant to any issue in the case), *overruled on other grounds by* Lupo v. Lineberger, 313 Ark. 315, 317-18, 855 S.W.2d 293, 294-95 (1993).

The current version of the federal rule limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). This change, made in 2000, was intended to allay growing concerns about the cost and delay of discovery. A further revision in 2015 required that the information also be "proportional to the needs of the case."

Even under the earlier version of the federal rule, courts on occasion held that particular information was irrelevant and thus not discoverable. In some of those cases, the information presumably could have been obtained under the federal FOI act. *E.g.*, United States v. Exxon Corp., 87 F.R.D. 624 (D.D.C. 1980) (in action involving petroleum-pricing regulations, limiting discovery to internal agency documents prepared before certain date); Southwest Grease & Oil Co. v. United States, 44 F.R.D. 456 (D. Kan. 1968) (in action for tax refund, excluding from discovery unpublished-letter rulings issued by IRS to other taxpayers); *see also* Janice Toran, *Information Disclosure in Civil Actions: The FOIA and the Federal Discovery Rules*, 49 GEO. WASH. L. REV. 843, 861-62 (1981).

[5] Marrow v. State Farm Ins. Co., 264 Ark. 227, 235, 570 S.W.2d 607, 612 (1978) (quotation marks omitted).

[6] Hollis v. Fayetteville Sch. Dist. No. 1 of Washington Cty., 2016 Ark. App. 132, 7, 485 S.W.3d 280, 284 (2016) citing City of Fayetteville v. Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990).

> Section 25-19-105(b)(8) of the Act to create such an exemption via court order.

4. Defendants summarily reject the treatise's analysis as "Plaintiff's counsel's opinion." While true that the treatise's analysis is Plaintiff's counsel's opinion, Defendants left out one key necessary word in that clause. It should read: "plaintiff's counsel's *expert* opinion." *See*, *e.g.*, *Dep't of Ark. State Police v. Keech Law Firm, P.A.*, 2017 Ark. 143, ¶¶ 4-5, 516 S.W.3d 265, 268 ("the **leading treatise on [the Arkansas] FOIA** has noted … *See* John J. Watkins, Richard Peltz-Steele, and Robert Steinbuch, *The Arkansas Freedom of Information Act*, 148 (6th ed. 2017).") (emphasis added) (citing previous edition of the expert treatise on the Arkansas FOIA); *Motal v. City of Little Rock*, 2020 Ark. App. 308, ¶ 17, 603 S.W.3d 557, 567 (Ct. App.) ("This opinion is consistent with our rules of statutory construction and is cited with approval by a **leading treatise on [the Arkansas] FOIA**. *See* John J. Watkins, Richard J. Peltz-Steele, & Robert Steinbuch, THE ARKANSAS FREEDOM OF INFORMATION ACT 320 (University of Ark. Press, 6th ed. 2017). The treatise states …") (emphasis added) (citing previous edition of the expert treatise on the Arkansas FOIA) (typographical error in original corrected).

5. Indeed, as the citations to the previous edition of the **"leading treatise on [the Arkansas] FOIA"** make clear, the expert opinions of Plaintiff's counsel are shared by his former two co-authors and distinguished transparency-law scholars, John J. Watkins and Richard J. Peltz-Steele.

6. Then, Defendants wrongly contend that while the expert opinions of the three distinguished transparency-law scholars are not law, somehow Defendants' opinions are. Defendants state: "In contrast to the opinions of Plaintiff's counsel, the decisions of other courts in this District are legal authority that this Court should follow." Def. Br. at 4.

4

7. Uh, no they're not.

8. Trial-level decisions have no precedential value whatsoever. "'A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.'" *Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S. Ct. 2020, 2033 (2011) (quoting J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134-26 (3d ed. 2011).

9. It's, of course, permissible to cite to trial-court opinions as potentially persuasive, but certainly no more so than the Arkansas Supreme Court recognized authority on the Arkansas FOIA: STEINBUCH, THE ARKANSAS FREEDOM OF INFORMATION ACT (Mathew Bender/Lexis, 8th Ed. 2022). Indeed, less so.

10. Defendants also seem flummoxed by the simple notion that "[i]t is a fundamental principle of federal courts that rulings of the court do not, by default, bind nonparties to the litigation." *See, e.g.*, *3rd Eye Surveillance, LLC v. United States*, 154 Fed. Cl. 475, 478 (2021).

11. Along these lines, this Court should be made aware that Defendants have already asserted that a nonparty Arkansan may not receive any FOIA records from Defendants relating to this case merely because Defendants have filed a motion for a protective order in this court. *Cavin v. Cabbot School District*, Case No. 43CV-23-574 (Arkansas Circuit Court, Lonoke County).

12. Thus, as predicted by Plaintiff in her prior filing, Defendants are seeking for this court to impose a ***statewide*** unconstitutional prior restraint on nonparties regarding ***state law***. It's difficult to fathom a more direct assault on the most basic notions of both federalism and federal courts as having limited in powers.

13. The breadth of this overreach cannot be overstated. Even in cases involving the United States as the defendant—therefore a nationwide party to the case—commentators have questioned the ability of a district court to impose nationwide injunctions. *See, e.g.*, *Generals of the Resistance: Multistate Actions and Nationwide Injunctions*, 54 ARIZ. ST. L.J. 359, 361 ("Nationwide injunctions are at the center of a firestorm of criticism…. Supreme Court justices have criticized the remedy as 'tak[ing] a toll on the federal court system' and 'sowing chaos for litigants, the government, courts, and all those affected by these conflicting decisions.'").

14. Moreover, the plaintiff in the *Cavin* case (the case where Defendants here asserted that an Arkansas citizen unrelated to the instant case may not obtain records about the instant case pursuant to the Arkansas FOIA) has made numerous requests of various school districts—including the Defendant Cabot School District here, represented by Defendants' counsel in the instant case—over the years for the same type of records sought in the FOIA request discussed in the instant case. And in those other cases, Defendants and Defendants' counsel from this case provided those records under the Arkansas FOIA to that plaintiff. But now Defendants contend otherwise.

15. For example, Cavin made the following request directly to Defendants' law firm:

> On Wednesday, May 17, 2023, 7:13 PM, Jimmie Cavin <jimmie.cavin@yahoo.com> wrote:
>
> Hey Gang
>
> Please reference the attached file.
>
> Under the Arkansas Freedom of Information Act I request in electronic form via email the following pertaining to the Bequette, Billingsley & Kees invoices contained in the file -
>
> 1. All of the emails that were reviewed along with the replies.
>
> 2. Memo drafted on 02/23/23  (PB)
>
> 3. Memo that was reviewed on 02/23/2023  (GJB)
>
> 4. Amended Memo referenced on 02/24/2023  (PB)
>
> 5. Revised Memo referenced on 02/27/2023  (MDS)
>
> 6. Revised Memo referenced on 02/27/2023  (PB)
>
> 7. Memo reviewed on 02/27/2023  (GJB)
>
> 8. Letter reviewed on 02/08/2023  (GJB)
>
> 9. Letter reviewed on 02/13/2023  (GJB)
>
> 10. Records reviewed on 02/13/2023  (GJB)

….

16. Defendants' counsel responded:

> On Tuesday, May 23, 2023 at 01:03:28 PM CDT, Jay Bequette <jbequette@bbpalaw.com> wrote:
>
> Mr. Cavin:
>
> Our office is working on responding to the request. Due to the large number of records that may be subject to the request and the need to review the records for exempt information and redactions, it may be a number days before I am able to respond.
>
> Jay Bequette
> *Bequette Billingsley & Kees, P.A.*
> *Attorneys At Law*
> 425 West Capitol Avenue
> Suite 3200
> Little Rock, Arkansas 72201-3469
> Telephone: (501) 374-1107
> Facsimile: (501) 374-5092
>
> Mobile: (501) 590-4500
> jbequette@bbpalaw.com

17. In a FOIA request to the Defendants here, represented by the same counsel as here, Cavin requested records involving another Eastern District of Arkansas lawsuit, *Sinclair v. Cabot*, 4:21-cv-00420-JM:

> On Sun, May 7, 2023 at 6:27 PM Jimmie Cavin <jimmie.cavin@yahoo.com> wrote:
> Hey Gang 🙂
>
> Please reference the attached file containing Billing from BB&K pertaining to the Sinclair Lawsuit.
>
> Under the Arkansas Freedom of Information Act I request in electronic form via email the following listed in the Invoices -
>
> 1. All emails reviewed and the replies to them.
>
> 2. All Letters
>
> 3. All correspondences
>
> If you deny any part of this request please provide the specific exemption you are claiming in the AFOIA.
>
> In the Invoices there were 47 emails reviewed and replied to so that would mean at least 94 emails. There are 13 correspondences and 9 letters referenced.

18. Defendants responded:

> From: Leila Seigrist <leila.seigrist@cps.k12.ar.us>
> To: Jimmie Cavin <jimmie.cavin@yahoo.com>
> Cc: Tony Thurman <tony.thurman@cps.k12.ar.us>; Karen Davis <Karen.Davis@cps.k12.ar.us>
> Sent: Wednesday, May 10, 2023 at 04:28:14 PM CDT
> Subject: Re: FOI Request - Sinclair 2
>
> Mr. Cavin,
>
> In response to your email with the subject "FOI Request - Sinclair 2," received upon opening on Monday, May 8, 2023, please see the following regarding "the Sinclair Lawsuit":
>
> **REQUEST:** "All emails reviewed and the replies to them."
> **RESPONSE:** None.
>
> **REQUEST:** "All Letters"
> **RESPONSE:** Attached.
>
> **REQUEST:** "All correspondences"
> **RESPONSE:** Attached.

19. Federal courts have indicated a strong presumption against a protective order to the extent information is subject to disclosure under freedom-of-information or right-to-know laws—reflecting the basic notion that the FOIA exists independently of discovery. *Bonin v. World Umpires Ass'n*, 204 F.R.D. 67, 69 (E.D. Pa. 2001); *Heily v. Dept of Commerce*, 69 F. App'x 171, 175 (4th Cir. 2003) ("Thus, because these are all areas that are specifically exempted from disclosure under FOIA, we find that the district court's protective orders preventing such depositions are appropriate.").

20. The issue was well described in a state case from Arizona:

> The general rule is that a court order does not bind a non-party to the litigation in which the order is entered. For example, in the context of judgments, "[i]t is a basic principle of law that a person who is not a party to an action is not bound by the judgment in that action." Restatement (Second) of Judgments ("Restatement") § 62 cmt. a (1982). *See* Ariz. R. Civ. P. 65(h) (injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order"); *see also Taylor v. Sturgell,* 553 U.S. 880, 128 S. Ct. 2161, 2167, 171 L. Ed. 2d 155 (2008) (disapproving doctrine of preclusion by "virtual representation" and holding that prior judgment in a case to which a person was not a party did

not bar the person from maintaining a second lawsuit). As Judge Learned Hand wrote regarding the scope of an injunction:

> [N]o court can make a decree which will bind anyone but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court.

*Alemite Mfg. Corp. v. Staff,* 42 F.2d 832, 832-33 (2d Cir. 1930).

P13 Sonoran argues a protective order such as that at issue here binds all who are aware of it. It contends a non-party that comes into possession of information it knows is covered by a protective order is bound by the order not to disseminate the information just as a party to the litigation would be bound. Sonoran offers no authority to support this proposition, however, and the rule it advocates flies in the face of the Restatement's "basic principle" that a judgment binds only the parties to the litigation. In the circumstances presented here, when a non-party has come into possession of protected information through a means outside the litigation, a protective order does not prevent the non-party from disseminating the information. *See Tavoulareas v. Washington Post Co.,* 111 F.R.D. 653, 660-62 (D.D.C. 1986) (protective order does not prevent non-party from disseminating protected information that otherwise comes into "the public domain"); *Roman Catholic Diocese of Lexington v. Noble,* 92 S.W.3d 740, 742 (Ky. 2002) (newspaper's publication of information contained within records sealed by court order does not constitute contempt when newspaper did not obtain information from court records or through court process); *see also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) (party subject to protective order is not precluded from disseminating "protected" information that party obtained other than through discovery); *In re Rafferty,* 864 F.2d 151, 155, 274 U.S. App. D.C. 348 (D.C. Cir. 1988) (protective order may not restrict party's use of information obtained before the litigation began); *Int'l Prods. Corp. v. Koons,* 325 F.2d 403, 408 (2d Cir. 1963) (court may not bar party from disseminating information obtained independent of discovery).

*State ex rel. Thomas v. Grant*, 222 Ariz. 197, 201, 213 P.3d 346, 350 (Ct. App. 2009).

## Conclusion

For the foregoing reasons, Defendants' motions should be denied.

August 21, 2023                                   Respectfully Submitted,

***/s/Robert Steinbuch*** 
Robert Steinbuch, Ark. Bar # 2020-*007=*
STEINBUCH IMPACT LITIGATION
PO Box 11200
Conway, AR 72034
Telephone: (501) ATTY-804 (288-9804)
resteinbuch@gmail.com

***/s/Chris P. Corbitt*** 
Chris P. Corbitt, Ark Bar #2004089
Corbitt Law Firm, PLLC
PO Box 11200
Conway, AR 72034
Telephone (501) 255-0112
FAX (888) 838-9096
www.corbittlawfirm.com
Email: chris@corbittlawfirm.com

***/s/Clinton W. Lancaster*** 
Clinton W. Lancaster, 2011179
The Lancaster Law Firm
P.O. Box 34407, PMB 26248
Little Rock, AR 72203-4407
P:  (501) 776-2224
F:  (501) 778-6186
E:  clint@thelancasterlawfirm.com