IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MELISSA BOSCH**                                                                **PLAINTIFF**

**v.**                     **CASE NO. 4:22-cv-00677-LPR**

**DR. TONY THURMAN, Cabot Public Schools Superintendent;**
**CABOT PUBLIC SCHOOL DISTRICT; and**
**CITY OF CABOT, ARKANSAS**                                **DEFENDANTS**

## DISTRICT DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME AND MODIFICATION OF SCHEDULING ORDER

Come now Separate Defendants Cabot Public School Superintendent Tony Thurman and Cabot Public School District ("District") (collectively, "District Defendants"), by and through their attorneys, Bequette, Billingsley & Kees, P.A., and for their Response to Plaintiff's Motion for Enlargement of Time and Modification of Scheduling Order (ECF Doc. 37), state:

**I.    INTRODUCTION.**

On January 30, 2023, this Court entered the Final Scheduling Order, which set a discovery deadline of September 8, 2023. EFC Doc. 19. The Court ordered, "All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response." *Id.* In violation of the Court's Order, Plaintiff served written discovery on Defendants on August 22, 2023. ECF Doc. 37 at ¶ 10. The date Plaintiff propounded written discovery did not allow sufficient time for Defendants to respond before the discovery deadline. In further violation of the Court's Order, Plaintiff filed the present Motion for Enlargement of Time and Modification of Scheduling Order ("Motion for Discovery Extension") over three (3) weeks after the deadline for discovery motions passed. Because Plaintiff's written discovery and Motion for Discovery Extension are untimely, and Plaintiff fails to provide any good cause to extend those deadlines, Plaintiff's Motion for Discovery Extension should be denied.

## II.   AUTHORITY AND ARGUMENT.

Under the Final Scheduling Order "[a]ll discovery requests and motions must be filed sufficiently in advance of [September 8, 2023] to allow for a timely response." EFC Doc. 19. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish good cause for an extension of an expired discovery deadline, a party 'must—at minimum—itemize the necessary discovery and explain why they were not able to complete that discovery before [the deadline].'" *Morris v. Singleton*, No. 4:16-cv-4119, 2018 U.S. Dist. LEXIS 84401, at *7 (W.D. Ark. May 21, 2018) (citing *Hagen v. Siouxland Obstetrics & Gynecology, P.C.*, 286 F.R.D. 423, 425 (N.D. Iowa 2012)). Plaintiff failed to comply with the Court's Order and fails to provide good cause to warrant extending the Court's discovery deadline.

### A.   The AFOIA Requests Do Not Provide Good Cause for Extending Discovery.

In support of her request to extend the discovery deadline, Plaintiff relies upon the three requests from Plaintiff's counsel to the District under the Arkansas Freedom of Information Act ("AFOIA"), Ark. Code Ann. §§ 25-19-101, *et seq.*, sent on July 8 and 10, 2023. EFC Docs. 22-1, 22-2, 22-5. Plaintiff, however, previously took the position those AFOIA requests were not from Plaintiff and were independent from discovery. *See* EFC Doc. 24. As she previously argued before this Court, "Plaintiff hasn't made a[n] [A]FOIA request. One of her counsel has, and he's not a party to this action, needless to say." *See* EFC Doc. 24 at p. 1. Moreover, as Plaintiff previously claimed, "the [A]FOIA request seeks a host of information clearly independent of anything that resembles potential discovery in this case[.]" *Id.* "[T]he [A]FOIA and discovery rules 'are independent of one another.'" *Id.* at p. 2.

In reliance on Plaintiff's position, this Court entered an order granting in part, denying in part, and holding in abeyance in part, the District Defendants' Motion for Protective Order. EFC Doc. 34. The Court held, in part, it was "not -- at this time -- persuaded that the use of Arkansas's

expansive FOIA law by Plaintiff's attorney presents such a significant threat to the fair and efficient resolution of this case that it justifies the Court's use of its inherent authority to control the litigation." *Id.* After the Court's order, the District responded to Plaintiff's counsel's AFOIA requests. *See* District's AFOIA Responses to Corbitt, attached hereto as Exhibit 1. The District also responded to other AFOIA requests from another of Plaintiff's counsel sent after the Court's order. *See* District's AFOIA Responses to Steinbuch, attached hereto as Exhibit 2.

Plaintiff's argument that the AFOIA requests provide a basis for extending discovery should be denied based on the doctrine of judicial estoppel. Judicial estoppel is an equitable doctrine that "protects the integrity of the judicial process." *Combs v. Cordish Cos.*, 862 F.3d 671, 678 (8th Cir. 2017) (citing *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006). "It prohibits a party who takes one position in a legal proceeding, and succeeds in maintaining that position, from then assuming a contrary position simply because his interests have changed." *Id.* (citations and quotations omitted). Courts consider three non-exhaustive factors in deciding whether to apply judicial estoppel: (1) whether the party's later position is clearly inconsistent with her prior position; (2) whether a court was persuaded to accept a prior position so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled; and (3) whether the party claiming inconsistent positions would derive an unfair advantage or impose an unfair detriment on the opposing party if not stopped. *Id.*

In this case, Plaintiff previously claimed her counsel's AFOIA requests were not from her and were independent from discovery. Plaintiff's present position that the AFOIA requests were related to and delayed discovery in this case is clearly inconsistent with her prior position. This Court further relied upon Plaintiff's earlier position to deny, in part, the District Defendants' Motion for Protective Order. Finally, Plaintiff seeks to gain an unfair advantage by extending

3

discovery solely to obtain discovery from the District Defendants, even after obtaining the requested information under the AFOIA. Judicial estoppel should preclude Plaintiff's present position.

Even if not barred by judicial estoppel, Plaintiff's position that the AFOIA requests from her counsel or the Motion for Protective Order delayed her ability to conduct discovery is simply incorrect. Plaintiff's counsel chose to request documents through the AFOIA instead of engaging in discovery on behalf of their client. On July 10, 2023, after receiving the AFOIA requests, the District Defendants offered to respond to those requests if sent as written discovery. ECF Doc. 22-3 ("If you want to send these requests for production under Rule 34 of the Federal Rules of Civil Procedure, we will comply with our obligations under the Federal Rules."). Plaintiff did not respond to that offer. Now, Plaintiff is seeking to extend the discovery deadline based solely on her counsel's strategic decision to use the AFOIA instead of discovery.

Nothing prevented Plaintiff from timely propounding discovery requests to the Defendants. No part of the Motion for Protective Order argued against Plaintiff's ability to propound written discovery requests to the District Defendants. To the contrary, the District Defendants requested that Plaintiff and her counsel be required to conduct discovery through the Federal Rules of Civil Procedure instead of using the AFOIA. *See* Doc. 22 at ¶ 3. Notably, Plaintiff propounded written discovery, albeit untimely, while the Motion for Protective Order was still pending. As a result, the AFOIA requests and the Motion for Protective Order are not good cause to extend the discovery deadline.

      **B.**    **Plaintiff Cannot Use the Discovery Deadline to Shorten the District Defendants' Time to Respond to Discovery.**

Plaintiff further claims her discovery requests could have been answered before the discovery deadline. Plaintiff is essentially arguing that since she waited until August 22, 2023, to

4

propound discovery, the District Defendants should have responded to her discovery requests in seventeen (17) days, instead of the thirty (30) days allowed under the Federal Rules of Civil Procedure. This argument lacks any legal basis and conflicts with the Final Scheduling Order.[1]

"All discovery requests and motions must be filed sufficiently in advance of [September 8, 2023] to allow for a timely response." EFC Doc. 19. The time allowed for a party to respond to written discovery is thirty (30) days. Fed. R. Civ. P. 33(b)(2), 34(b)(2). As Plaintiff admits, to comply with the Final Scheduling Order, Plaintiff should have propounded written discovery no later than August 9, 2023. ECF Doc. 37 at ¶ 12. Plaintiff, however, waited until August 22, 2023. Plaintiff cannot unilaterally shorten the District Defendants' response time by waiting until closer to the discovery deadline to propound written discovery.

### C. Plaintiff's Motion for Discovery Extension Is Untimely.

Plaintiff's Motion for Discovery Extension is further untimely. Over three (3) weeks after the deadline for discovery motions, on October 2, 2023, Plaintiff requested an extension of the discovery deadline until October 8, 2023. She now appears to be seeking an extension for another sixty (60) days, through December 6, 2023. *See* ECF Doc. 48. Plaintiff's Motion for Discovery Extension, in which she seeks to compel the District Defendants to respond to her discovery requests, is untimely. *See* ECF Doc. 19 ("[D]iscovery . . . motions must be filed sufficiently in advance of [September 8, 2023] to allow for a timely response). Plaintiff's Motion for Discovery Extension should, therefore, be denied as untimely.

---

[1] The District Defendants timely served their objections to Plaintiff's discovery on September 21, 2023, attached hereto as Exhibit 3, preserving their objection to the untimeliness of Plaintiff's discovery requests.

### D. Extending Discovery Now Would Be Unduly Prejudicial.

Extending discovery now would be unduly prejudicial to the District Defendants. The Court does not need to consider the prejudice to the District Defendants in denying Plaintiff's Motion to Extend Discovery, since Plaintiff was not diligent in pursuing discovery. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715, 717 (8th Cir. 2008) ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."). Even if Plaintiff had been diligent in meeting the discovery deadline, which she was not, the prejudice to the District Defendant weighs against any discovery extension.

The motions deadline has passed, and the parties have already filed dispositive motions. Continuing discovery while those motions are pending, and even after the motion briefing is complete, has the potential to interject additional evidence into the case and disrupt the timely submission of this case for disposition on summary judgment. *See Mendez v. Alegent Creighton Clinic*, No. 8:20CV86, 2021 U.S. Dist. LEXIS 73082, at *4-5 (D. Neb. Apr. 15, 2021) (finding undue prejudice when permitting further discovery would delay a decision on a summary judgment and perhaps change the arguments advanced by the defendants in support of that motion); *Staples v. Caremark, LLC*, Civil Action No. SA-08-CV-831-XR, 2009 U.S. Dist. LEXIS 75219, at *3 (W.D. Tex. Aug. 24, 2009) (finding that extending discovery would prejudice the defendant because the defendant had already undertaken the time and expense to file its motion for summary judgment in compliance with the court's scheduling order). Accordingly, even if Plaintiff had been diligent in seeking discovery, the undue prejudice to the District Defendants warrants the denial of Plaintiff's Motion for Discovery Extension.

**III.   CONCLUSION.**

For these reasons, the District Defendants pray that this Court deny Plaintiff's Motion for Enlargement of Time and Modification of Scheduling Order.

        Respectfully submitted,

        BEQUETTE, BILLINGSLEY & KEES, P.A.
        425 West Capitol Avenue, Suite 3200
        Little Rock, AR 72201-3469
        Phone: (501) 374-1107
        Fax:   (501) 374-5092
        Email: jbequette@bbpalaw.com
        Email: ckees@bbpalaw.com
        Email: pbrick@bbpalaw.com

By: **Phillip M. Brick, Jr.**
      Jay Bequette, Ark. Bar No. 87012
      W. Cody Kees, Ark. Bar No. 2012118
      Phillip M. Brick, Jr., Ark. Bar No. 2009116

*Attorneys for District Defendants*