IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| MELISSA BOSCH | PLAINTIFF |
| vs. | |
| CABOT PUBLIC SCHOOL SUPERINTENDENT TONY THURMAN, CABOT PUBLIC SCHOOL DISTRICT, CITY OF CABOT, ARKANSAS | DEFENDANTS |
| | No.:  4:22-CV-00677-LPR |

## NOTICE OF CONFESSION OF ERROR

Counsel had stated during the hearing on February 6, 2023 that the Court would not be able to entice counsel into providing an answer to a question to which counsel did not know the answer.  That statement was apparently in error, albeit not intentionally so.

In this Court's Order of yesterday, February 28, 2024, Doc. 69, the Court states that "[t]he parties agree that the District is a municipal entity."  *Id.* at 31. Counsel has since learned from Jimmie Cavin, the individual who initiated counsel into this case, that the School District, while sharing the same name as the City is not a city entity whatsoever.

When Mr. Cavin learned of the Court's Opinion, he made a FOIA request of the City of Cabot for "all records of the City's authority over the Cabot Public School District," and the City responded:

> On Thursday, February 29, 2024, 3:31 PM, Ben Hooper <bhooper@cabotar.gov> wrote:
>
> Hi Mr Cavin,

I'm sorry for the late response - I'm out of town and just now read your email.

I agree with you - I don't believe that the City has any specific authority over the Cabot School District and therefore we have no records responsive to your request.

The closest thing I could think of would be in the realm of zoning/development.   But that is generally applicable stuff that applies to everybody and is not specific to the School District  - the school district has to submit plats and plans to the Planning Commission just like everyone else would.  There is nothing specific there that applies just to the school district as far as I know.

If you have any other questions or need anything else on this let me know

Thanks

Ben

The FOIA request and response is attached as Exhibit A (phone numbers redacted).

Various statutes indicate the same regarding the lack of relationship between the City and the School District.  For example:

1. (a) Unless otherwise provided by law, the county treasurer shall be allowed a commission of two percent (2%) on all school funds paid into his or her hands, except on borrowed money, or the proceeds of the sale of bonds and all other funds on which the law shall not allow commission. In the case of a school district that is composed of area in two (2) or more counties, only the county treasurer of the county in which the school district is administered shall be allowed a commission on the funds of the school district unless the school district has a district treasurer, in which case the county treasurer collecting the school district funds shall be allowed a commission on the funds of that school district."

   Ark. Code Ann. § 6-20-221.

2. A school district may borrow money and issue negotiable bonds to repay borrowed moneys from school funds for:

(1) Building and equipping school buildings;
(2) Making additions and repairs to school buildings;
(3) Purchasing sites for school buildings;
(4) Purchasing new or used school buses;
(5) Refurbishing school buses;
(6) Providing professional development and training of teachers or other programs authorized under the federally recognized qualified zone academy bond program, 26 U.S.C. § 1397E [repealed];
(7) Paying off outstanding postdated warrants, installment contracts, revolving loans, and lease-purchase agreements, as provided by law; and
(8) In the case of a new school district created under § 6-13-1505:
(A) Purchasing school buildings and other structures;
(B) Purchasing new or used furniture, fixtures, and equipment;
(C) Paying the costs of the allocation of assets to the new school district; and
(D) Paying or retiring the outstanding indebtedness of the original school district that the new school district has become responsible for under § 6-13-1505.

Ark. Code Ann. § 6-20-1201

And this conclusion is also suggested in caselaw such as *Reeves v. Been*, 217 Ark. 67, 228 S.W.2d 609 (1950), which is an admittedly arcane case, as well as *Lake View Sch. Dist. No. 25 v. Huckabee*, 358 Ark. 137, 189 S.W.3d 1 (2004).

This distinction didn't seem important to Plaintiff until the Court linked the *Monell* argument from separate defendant City of Cabot regarding the actions of its police officers to assert that that argument applied to the actions of separate defendants Cabot School District and Tony Thurman, the School District's Superintendent. As discussed in Plaintiff's Motion for Reconsideration, Doc. 71, the City only argued *Monell* in respect to City police officers, but the lack of connection between the City and the School District demonstrates that any argument made by

3

the City regarding any actions of the City do not pertain to the School District,

because the School District is neither subordinate to the City nor a city itself.

Plaintiff's counsel imagines that the Court is less than enamored with the

triple filings by the Plaintiff today, but the unexpected nature of the Court's opinion

necessitates, in counsels' opinion, ensuring that Plaintiff provides all relevant

information to the Court and Defendants at the earliest opportunity, and we

apologize for any inconvenience.  This will be the last filing of the day.


February 29, 2024                      Respectfully Submitted,

                                       */s/Robert Steinbuch*
                                       Robert Steinbuch, Ark. Bar # 2020-*007=*
                                       STEINBUCH IMPACT LITIGATION
                                       PO Box 11200
                                       Conway, AR 72034
                                       Telephone: (501) ATTY-804 (288-9804)
                                       resteinbuch@gmail.com

                                       */s/Chris P. Corbitt*
                                       Chris P. Corbitt, Ark Bar #2004089
                                       Corbitt Law Firm, PLLC
                                       PO Box 11200
                                       Conway, AR 72034
                                       Telephone (501) 255-0112
                                       FAX (888) 838-9096
                                       www.corbittlawfirm.com
                                       Email: chris@corbittlawfirm.com

                                       */s/Clinton W. Lancaster*
                                       Clinton W. Lancaster, 2011179
                                       The Lancaster Law Firm
                                       P.O. Box 34407, PMB 26248
                                       Little Rock, AR 72203-4407
                                       P:  (501) 776-2224
                                       F:  (501) 778-6186

4

E:  clint@thelancasterlawfirm.com

## CERTIFICATE OF SERVICE

By my signature above, I certify pursuant to Ark. R. Civ. P. 5(e) that a copy of the foregoing has been delivered by the below method to the following person or persons:

☐ First Class Mail  ☐ Facsimile  ☐ Email  ☒ AOC/ECF  ☐ Hand Delivery

George Jay Bequette                Sara Monaghan

W. Cody Kees

on this day, PER ADMIN. ORDER NO. 21, the 29th day of February, 2024.